(Decided 1st March, 1883.)

---

JOHN JOHNSON *vs.* JAMES FORAN, and others, trading as JAMES FORAN & Co.

*Statute of Limitations—Judgment of Condemnation in Attachment—Act of 1715, ch. 40, sec. 3, and Art. 10, sec. 13, of the Code.*

The Statute of Limitations begins to run on a judgment of condemnation in an attachment case, from the date of the judgment, and is a bar to an execution issued thereon after the lapse of twelve years from such date.

Johnson *vs.* Foran & Co.

The provision of the statute, (Act of 1715, ch. 40, sec. 3, and Art. 10, sec. 13, of the Code,) that the plaintiff cannot have execution on a judgment of condemnation in attachment within a year and a day, without first giving bond conditioned to make restitution in case the defendant shall within said period come in and show that the plaintiff's claim has been paid or barred in whole or in part, was made for the security of the defendant only; and was not intended to prevent the issue of the execution. The plaintiff is at liberty to issue his execution as soon as he obtains his judgment.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court.

The cause was argued before MILLER, STONE, ALVEY, ROBINSON, and IRVING, J.

*William H. Cowan,* for the appellant.

*John T. McGlone,* for the appellee, Foran.

STONE, J., delivered the opinion of the Court.

The appellant issued on the 20th of April, 1869, out of Baltimore City Court, an attachment on warrant against certain individuals trading as James Foran & Company. This attachment was levied upon certain real estate in the City of Baltimore, and a return thereof duly made by the sheriff of Baltimore City.

On the 11th of May, 1869, a judgment of condemnation *nisi* was also duly entered. On the 31st of March, 1882, a *fieri facias* was issued upon that judgment. This *fieri facias* the defendants moved to quash, and assigned as the reason therefor, that said execution was issued more than twelve years after the rendition of said judgment. The Court below quashed the writ of *fi. fa.* and from the granting that motion the plaintiff appealed to this Court.

It has been insisted by the plaintiff that the Statute of Limitations does not begin to run on a judgment of con-

·demnation in an attachment case, until the expiration of a year and a day from the date of the judgment, because the plaintiff cannot within that period issue an execution without giving the bond required by the Statute.

The words of our Statute of Limitations include all judgments whatever, whether *in personam* or *in rem*. The Statute begins to run not always from the date of the judgment, but in cases where there is a stay of execution, from the ·expiration of the stay. As soon, however, as the plaintiff is ·able to reap the fruits of his judgment by execution, so soon does the Statute begin to operate upon it. This Court, in *Walters and Harvey vs. Monroe*, 17 *Md.*, 502, says that the judgment of condemnation is improperly called a condemnation *nisi*; in fact, it is an absolute judgment, not given upon any condition whatever, but like any other judgment absolute, subject to be stricken out only during the term in which it is rendered. There is the further provision that although this judgment is absolute, yet by our statute the plaintiff cannot have execution within a year and a day, without first giving bond conditioned to make restitution in case the defendant shall, within a year and a day, come in and show that plaintiff's claim has been paid, or barred in whole or in part.

This latter provision of the statute was made for the security of the defendant only. It is not intended to prevent the issue of the execution, and the plaintiff is at liberty to issue his execution as soon as he obtains his judgment. Unlike judgments *in personam* there is no legal stay attached to these judgments of condemnation. The whole proceeding is much more summary than the ordinary common law judgment. It is obtained at the term to which the writ is returnable. In order to stay the operation of the Statute, the plaintiff must be prevented from issuing his execution, ·either by operation of law, or some act of the defendant, such as issuing an injunction, etc. The plaintiff cannot ·suspend the operation of the Statute by his own act, in

declining to give bond. He has the right, if he chooses, to exercise it. It may be, it is true, inconvenient for him to give the bond, but he has eleven years to issue without bond, and only one year and a day where the bond is required. We can, therefore, see no reason why a judgment of condemnation should be good and pleadable for thirteen years instead of twelve.

There were several other objections urged against the quashing of this writ, but we deem it unnecessary to discuss them, as they were manifestly untenable.

> *Order of Court, quashing the*
> *fieri facias, affirmed.*

(Decided 1st March, 1883.)