HENRY M. SNYDER v. HENRY W. HITCHCOCK.

*Statute of limitations—Action upon judgment—Assumpsit.*

Under How. Stat. § 8736, an action of *assumpsit* may be brought upon a circuit court judgment at any time within 10 years after its entry.

Error to Ionia. (Smith, J.) Submitted on briefs November 3, 1892. Decided December 23, 1892.

*Assumpsit.* Plaintiff brings error. Reversed. The facts are stated in the opinion.

*John G. Palterson* and *Edwin H. Lyon,* for appellant.
*William O. Webster,* for defendant.

Montgomery, J. This is an action of *assumpsit* upon a judgment rendered in the circuit court June 25, 1881. The declaration by which the suit was commenced was filed June 13, 1891. The defendant interposed a plea of the statute of limitations. On the trial the court directed a judgment in favor of the defendant, on the ground that

the action, being in *assumpsit*, was barred by the statute.

The only question to be determined is whether the general statute of limitations relating to actions of *assumpsit* controls, or whether a special statute of limitations exists, applicable to all actions brought upon judgment.

The general statute of limitations (section 8713) provides that—

" The following actions shall be commenced within six years next after the cause of action shall accrue, and not afterwards; that is to say:

" 1. All actions of debt founded upon any contract or liability not under seal, except such as are brought upon the judgment or decree of some court of record of the United States, or of this or some other of the United States.

" 2. All actions upon judgments rendered in any court other than those above excepted.      *      *      *      *      *

" 4. All actions of *assumpsit* or upon the case, founded upon any contract or liability, express or implied."

Section 8719 provides:

" All personal actions on any contract, not limited by the foregoing sections, or by any law of this State, shall be brought within ten years after the accruing of the cause of action, and not afterwards."

Section 8736 provides:

" Every action upon a judgment or decree heretofore rendered, or hereafter to be rendered, in a court of record of the United States or of this State, or of any other state of the United States, shall be brought within ten years after the entry of the judgment or decree, and not afterwards."

It is contended by defendant's counsel that as the present action is in *assumpsit*, the provision of the section first above quoted—that all actions of *assumpsit* or upon the case, founded upon any contract or liability, express or implied, must be brought within six years—controls. It has been held in numerous cases by this Court that the form of action governs in determining whether section.

8719 or section 8713 applies in fixing the period of limitation. *Sigler v. Platt,* 16 Mich. 206; *Goodrich v. Leland,* 18 Id. 110; *Christy v. Farlin,* 49 Id. 319; *Sherwood v. Landon,* 57 Id. 219; *Avery v. Miller,* 81 Id. 85. But in none of these cases was the action upon a judgment, and there was no provision of the statute which fixed the term of limitation except the provision which depends upon the form of action. By section 8736, however, the term of limitation is fixed in every action upon a judgment or decree, without reference to the form of action chosen. It seems to me altogether clear that under this section the action was in time, and that the plaintiff is entitled to recover.

The judgment should be reversed, with costs, and a new trial ordered.

The other Justices concurred.