## JAMES B. RUSSELL, Appellant, *v.* CALEB R. HANK AND ANOTHER, Respondents.

MORTGAGES.—JUDGMENT.—ENTRY IN VACATION.—Under section 3013, 2 Comp. Laws of 1888, which provides for the entry of judgments either in term time or in vacation, the court may enter a decree in vacation, when the submission of the case was made in open court.

ID.—ID.—DEFICIENCY.—Where a decree of foreclosure is made and the defendant personally liable for any deficiency of proceeds at the sale has been ascertained, upon the return of the order of sale, judgment for any deficiency may be entered against the defendant personally liable, whether there is any prayer in the complaint for the docketing of such judgment or not.

ID.—ID.—DOCKETING JUDGMENT FOR DEFICIENCY.—Until a sale has been made under a decree of foreclosure and the amount of the deficiency ascertained, no judgment for any amount exists against the defendant personally liable, and no execution can be issued against such defendant until the order of sale is returned, and the amount of the deficiency ascertained, and judgment docketed for such deficiency.

APPEAL from an order of the district court of the fourth district setting aside a portion of a decree of foreclosure, Hon. James A. Miner, judge. The opinion states the facts.

*Mr. W. L. Maginnis,* for the appellant.

The former two actions, one at law upon the note, the other in equity upon the mortgage, are by our code consolidated into one action, and a mortgagee may bring suit and have judgment docketed for the full amount due. Then he can proceed to sell the property and apply the proceeds thereof upon the judgment, and no proceedings are necessary to ascertain the deficiency. *Rowland* v. *Leiby,* 14 Cal. 157; *Brereton* v. *Miller,* 7 Utah, 426. It appears

in this case that Nation was a purchaser under a warranty deed, and it is questionable whether or not his interest could be protected in any other way. Also, the deficiency judgment would not become a lien upon Hank's property, until a sale was made and the judgment docketed, if the whole amount due was not entered as a judgment against the defendant liable. The mortgagee is thus secured from the risk of any intermediate conveyance by his mortgagor of any other of his property. The mortgagor has no right to complain because any amount realized from the sale of the mortgaged premises is immediately credited upon the judgment. *Culver* v. *Rogers*, 28 Cal. 520; *Hibberd* v. *Smith*, 50 Cal. 511; *Chapin* v. *Broder*, 16 Cal. 403.

*Mr. J. H. MacMillan*, for the respondent.

If the appellant chose to rely wholly upon the mortgage without asking for any judgment for a deficiency he waives this right. *Bartlett* v. *Cottle*, 63 Cal. 366; *Ould* v. *Stoddard*, 54 Cal. 613; *Hall* v. *Arnott*, 80 Cal. 353; *Laverson* v. *Soap Co.*, Id. 248; *Porter* v. *Muller*, 65 Cal. 513; *Hayman* v. *Kelly*, 1 Nev. 185.

Zane, C. J.:

In the complaint filed in this cause the plaintiff described a promissory note payable to him made by the defendant, Caleb R. Hank, for $4,592,25, alleged non-payment, and prayed judgment for the amont due; and, for a second cause of action he set out the same note and a mortgage executed by Caleb R. Hank and America L. Hank, on real estate to secure it, and alleged a breach, and the usual prayer of foreclosure, "and for other and further relief," without expressly asking for a judgment for any deficiency in case the mortgaged property should not bring enough to satisfy the decree. It appears from the record that no

appearance was entered by any of the defendants except Minnie P. Woods, who entered a disclaimer; that a default was duly taken; and that on April 4, 1892, the court found in the decree that all the allegations of the complaint were true; and that there was due on the note described in the complaint $5,057.72, and ordered a sale of the property to satisfy it. The decree also contained the following: "And it is further adjudged and decreed that if the moneys arising from the sale shall be insufficient to pay the amount so found due to the plaintiff as above stated, with the interest, costs, and expense of sale, the sheriff shall specify the amount of such deficiency and balance due the plaintiff in his return of said sale, and, on the coming in of said return, a judgment of this court shall be docketed for such balance against the defendant Caleb R. Hank, and that said defendant, who is personally liable for the payment of the debt secured by said mortgage, pay to the said plaintiff the amount of such deficiency and judgment, with interest thereon at the rate of 8 per cent. per annum from the date of said return and judgment; and that the plaintiff have execution therefor."

It further appears from the record that on the same day the court ordered the sheriff of Weber county to sell the property described in the mortgage and decree, and that he sold the same in pursuance thereof on April 28, 1892, for $2,702.32 less than the amount mentioned in the decree and interest and costs; that the same was shown by the sheriff's return made on the same day; and that on the same day an execution was issued commanding the sheriff to make such deficiency out of any property of the defendant subject to execution; and that this execution was levied on such property. This execution recited that a deficiency judgment had been entered on the same day of $2,702.32, with accruing interest and costs, but no such judgment or any judgment authorizing the execution appears in the

record, and we must presume there was none entered, or it would have appeared in the record. It also appears that the portion of the decree above quoted, and the execution purporting to be issued on the deficiency judgment, and its levy, were set aside by an order of the court made on August 15, 1892, on motion of defendant, on the ground that there was no prayer in the complaint for a deficiency judgment. It also appears that this order of the 15th of August was also set aside by the court on the 5th of October following on motion of the plaintiff. It further appears from the record that this order of October 5, 1892, was set aside by the court on January 9, 1893, on motion of the defendant, and that the order of August 15, 1892, was reaffirmed and reinstated, and that the motion was argued and submitted in open court, but that the order was entered in term time when the court was not in session. The plaintiff has appealed from this order of January 9th, and insists that its entry when the court was not in session was erroneous, and that it was also erroneous because it reinstated and reaffirmed the order of August 15, 1892.

The legislature has declared that judgments and orders of the district court may be entered in term time or vacation. 2 Comp. Laws Utah 1888, § 3013. In view of this provision, we hold that the district court may enter a judgment, decree, or order when the court is not in session if the submission was made in open court, as in this case. Section 3460, Comp. Laws, did prescribe the mode of procedure in cases of the class under consideration. It is as follows, so far as necessary to quote it: "There can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real estate or personal property, which action must be in accordance with the provisions of this chapter. In such action, the court may by its judgment direct a sale of the incumbered prop-

erty or so much thereof as may be necessary and the application of the proceeds. * * * And if it appear from the return of the officer making the sale that the proceeds are insufficient and a balance still remains due, judgment can then be docketed for such balance against the defendant or defendants personally liable for the debt and it becomes a lien on the real estate of such judgment debtor as in other cases on which execution may be issued."

This section specifies the remedy for the collection of a debt secured by a mortgage against the person liable to pay it. First, it declares that there shall be but one action for its recovery, and that such action must be in accordance with the section; second, that the judgment must direct the sale of the incumbered property, or so much as necessary; third, when the return of the officer shows a deficiency, that the clerk must docket a judgment for it against the defendant personally liable, which then becomes a lien on the real estate of such judgment debtor, as in other cases, on which execution may issue. If the complaint contains the ordinary prayer of foreclosure, this is the only method, It is immaterial whether the complaint contains a prayer for a deficiency judgment. Such a judgment cannot be rendered or docketed until the officer makes his report showing such deficiency. Until such report the amount of the deficiency cannot be known. The amount of money due must be found in the decree, and the defendant personally liable to pay it must be ascertained; and the officer or person making the sale must specify in his return the amount of the deficiency, if any; and the clerk must docket the judgment for the amount, and then it has the effect of other judgments. The fact that the decree was upon a default makes no difference. The portion of the decree quoted above and set aside was immaterial, except so much of it as found the personal

liability of Caleb R. Hank. The part quoted above could not be treated as a deficiency judgment, and a valid execution could not be issued on it; and the execution issued without a judgment docketed for the deficiency, as shown by the officer's return, was of no effect. *Leviston v. Swan,* 33 Cal. 480.

Some of the cases to which we have been referred, if followed, would incumber this plain and simple method of procedure marked out by the statute with old modes and requisites, that can serve no useful purpose, and which the statute was designed to avoid. But the effect of the order appealed from was to strike out the portion of the decree that found and decreed that the defendant Caleb R. Hank was personally liable to pay the amount found in the decree. His personal liability was alleged in the complaint, and was a material allegation, and the defendant, by his default, admitted it. For the reason that the effect of the order appealed from was to strike out of the decree this material finding of the personal liability of the defendant Caleb R. Hank, it must be held erroneous. The other portion stricken was immaterial, and the striking of it out was not reversible error.

If the deficiency has not been paid or settled, the plaintiff's right to a deficiency judgment still exists, and it will be the duty of the clerk of the district court in that case to docket it, and to issue execution thereon if demanded by the plaintiff. We do not regard the case of *Brereton* v. *Miller,* 7 Utah, 426, 27 Pac. Rep. 81, referred to by counsel on both sides, as analogous to the one in hand. It became necessary in that case to adjust equities between the defendants, and, in doing so, to subject the property of the defendant who owed the debt, if any could be found subject to execution, to the payment of the decree, before resorting to the property described in the mortgage fore-

closed, which belonged to another person. The order of the district court appealed from is reversed, and the cause is remanded to that court.

BARTCH, J., and SMITH, J., concurred.