[No. 2017.  Decided February 20, 1896.]

DAVID GILMORE *et al.*, *Respondents*, v. THE H. W. BAKER COMPANY *et al.*, *Appellants*.

ACTION PENDING APPEAL — SUPERSEDEAS.

The fact that an appeal is pending to the súpreme court will not prevent action upon the judgment in the lower court, unless the appellant has filed a supersedeas bond as provided for in Laws 1893, p. 122, § 7.

Appeal from Superior Court, King County.—Hon. T. J. HUMES, Judge.  Affirmed.

*Stratton, Lewis & Gilman* (*J. Henry Denning*, of counsel), for appellants.

*James Leddy* (*Gleason & Babcock*, of counsel), for respondents.

The opinion of the court was delivered by

DUNBAR, J.—The only question which we feel called upon to decide under the record in this case is whether or not an action against the bondsmen in the lower court can be maintained upon the judgment rendered in the lower court while an appeal is pending from such judgment in this court, no supersedeas bond or bond for stay of proceedings having been filed in said appeal.   It is the contention of the appellants that the case is still pending and undetermined, and abates all proceedings upon the bond until the supreme court has disposed of the cause appealed.   It seems to us that this question is plainly decided in opposition to the view of the appellants by our statute.   Section 7, page 122, of the Laws of 1893 in relation to appeals to the supreme court, says:

" The appeal bond must be executed in behalf of

the appellant by one or more sufficient sureties, and shall be in a penalty of not less than two hundred dollars in any case; and in order to effect a stay of proceedings as in this section provided, the bond, where the appeal is from a final judgment for the recovery of money, shall be in a penalty double the amount of the damages and costs recovered in such judgment . . . ."

Other conditions are provided by the statute and the statute proceeds:

"When such bond, further conditioned as hereinabove described, has been filed the appeal shall operate so long as it shall remain effectual under the provisions of this act to stay proceedings upon the judgment or order appealed from; . . . ."

The statute makes a plain distinction between an ordinary bond capable of appealing the case to the supreme court, and a bond whose office is to effect a stay of proceedings, and the plain inference is that if the supersedeas bond provided for is not filed, the proceedings will not be stayed. If, then, execution may issue against the losing party if the supersedeas bond is not filed, it would seem logically to follow that proceedings could be legally commenced against the sureties who undertook to be responsible for, and put themselves in the place of their principal. If this distinction between the two different kinds of bonds can be maintained, then no litigant would go to the trouble of furnishing the supersedeas bond provided for by the statute, because the appeal bond would be sufficient to stay the proceedings. The same law applies to cases of forcible or unlawful detainer. Code Proc., § 568. We have examined the authorities cited by the appellant, but do not think any of them are in point. The first case cited, viz., *Campbell v. Howard*, 5 Mass. 376, it is true, decided that " Where an appeal

is duly made from a judgment of the Common Pleas, such judgment ceases to have any force," but the statute in Massachusetts at that time and upon which the decision was rendered and under which the bond was given provided for a bond to prosecute the appeal with effect and to pay all intervening damages and costs, and further provided that no execution should be issued by the Common Pleas on the judgment appealed from. Under such statute as that the rule announced by the court was fully justified. Many California cases are cited, but, notwithstanding some expressions of the court used in them which seem to support appellant's contention, it is plain that they did not intend to decide that an action could not be commenced upon a bond where the appellant had failed to furnish a supersedeas bond on appeal; for in *Taylor v. Shew*, 39 Cal. 536 (2 Am. St. Rep. 478), it was held that

" An action on a judgment of a court of competent jurisdiction in the State of New York may be maintained in this state, notwithstanding an appeal from such judgment has been taken and is still pending in the court of appeals in that state."

for the reason that

" To constitute a valid defense to such an action it must be shown that the appeal had the effect to suspend the judgment appealed from, or of staying the execution thereof."

And the court in its opinion says:

" The answer does not allege that the appeal, as taken and perfected to the court of appeals from said judgments had, by the laws of New York, the effect of suspending the judgments thus appealed from, or of staying the execution thereof, nor is it alleged that the undertaking on such appeal was to the effect that the sureties thereon were bound in double the amount

named in the judgment; that if the judgment appealed from, or any part thereof, be affirmed, the appellant would pay the amount directed to be paid by the judgment, or that any order was entered staying proceedings upon or execution of the judgment.

"In the absence of any proof to the contrary, the presumption is that the effect of the alleged appeal by the laws of New York is the same as in this state; and in this state such appeal would not stay execution or proceedings for the collection of the amount of the judgment appealed from, pending the appeal, nor destroy or weaken the force and effect of the record of the judgment as evidence of the facts or matters necessarily determined thereby."

And § 328 of Freeman on Judgments cited by the complaint does not, it seems to us, sustain his contention, for while the author says that

"In California, Louisiana, Colorado and Nevada, [citing *Woodbury v. Bowman*, 13 Cal. 634, one of the cases cited by appellant in this case], an appeal is considered as suspending the operation of a judgment for all purposes, so that it is not admissible as evidence in any controversy between the parties. This position is not sustained by the decisions in other states. On the contrary, the effect of an appeal with proper bond to stay proceedings, is held to be, that it suspends the right to execution, but leaves the judgment until annulled or reversed, binding upon the parties as to every question directly decided,"        ·

thus showing conclusively that a bond to stay proceedings is in any case necessary to suspend the right of execution; and the same author in § 382 plainly indicates that a bond for the stay of execution must be filed to suspend, during the pendency of the appeal, the right of the judgment creditor to enforce the judgment. The rule is thus plainly announced by Black on Judgments, (Vol 2), § 882:

"If, by the law of the state in which a judgment is

obtained, an appeal does not operate as a supersedeas or stay proceedings on the judgment in that state, the conclusiveness of the judgment is not thereby impaired, and the pendency of such appeal is no bar to an action on the judgment in another state,"

citing numerous cases from states where the law providing for appeal bonds was substantially like the law of this state in that particular, and as we have said before, it certainly cannot be concluded that the law of this state which provides for a bond of two hundred dollars to cover costs is such a bond as would operate as a supersedeas or stay of proceedings in the face of the statute providing for a supersedeas bond. Again, in § 960, the author says:

"According to most of the authorities, the pendency of an appeal, writ of error, or petition for review does not deprive the plaintiff of the right to bring a new action upon his judgment, unless a stay of proceedings has been obtained upon the filing of a sufficient bond."

In fact, we think the authorities are substantially uniform on this proposition. The judgment will therefore be affirmed.

HOYT, C. J., and SCOTT, ANDERS and GORDON, JJ., concur.