[S. F. No. 1845.   In Bank. — November 6, 1901.]

BRIDGET FEENEY, Appellant, v. H. G. HINCKLEY, Respondent; and W. WHITE, Co-defendant.

ACTION UPON JUDGMENT — ACCRUAL OF CAUSE OF ACTION — FINALITY — STATUTE OF LIMITATIONS. — A cause of action upon a judgment does not accrue until the judgment becomes final, and admissible in evidence. The statute of limitations does not begin to run against an action upon the judgment from the date of its entry, but only after the lapse of the period within which an appeal might be taken from the judgment, if none is taken therefrom, or after the final determination following an appeal so taken.

APPEAL from a judgment of the Superior Court of Alameda County.   S. P. Hall, Judge.

The facts are stated in the opinion of the court.

B. McFadden, for Appellant.

Cotton & Cotton, and William H. H. Hart, for H. G. Hinckley, Respondent.

HENSHAW, J. — The action was brought to recover an unpaid balance due upon a judgment. It was commenced more than five years and less than six years after the entry of the judgment. This fact appearing upon the face of the complaint, defendant urged by demurrer that the cause of action was barred by section 336 of the Code of Civil Procedure, which provides that an action upon a judgment or decree must be brought within five years. The court sustained the demurrer, and entered judgment accordingly, from which judgment this appeal is prosecuted. At the time of the entry of the judgment sued upon, the law permitted one year during which the losing party might prosecute his appeal. Upon this state of facts the question presented is, When does the five-years' statute of limitations barring action upon a judgment commence to run, — from the date of the entry of the judgment, or from the date when the judgment has become a final determination of the controverted matters between the parties litigant? It is apparent at once that the statute requires construction, and that something must be read into it by way of interpretation. If the five years commenced to run from the date of entry, the demur-

rer was properly sustained. If, however, it commenced to run only when the judgment became a finality, when the rights of the parties were fixed by it, when it was admissible in evidence for or against either of them,—when, in short, a cause of action upon it had accrued,—then, clearly, in case an appeal from the judgment be taken, the five years cannot be said to have commenced to run until final determination following such appeal, or in the event that no appeal be taken, then only when the time within which such an appeal might be taken has fully elapsed.

Section 312 of the Code of Civil Procedure declares: "Civil actions can only be commenced within the periods prescribed in this title, *after the cause of action shall have accrued*, except where, in special cases, a different limitation is prescribed by statute." "A judgment is the final determination of the parties in an action or proceeding." (Code Civ. Proc., sec. 577.) "An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied." (Code Civ. Proc., sec. 1049.) An action will not lie upon a judgment until it has become final. Until that time has arrived, no cause of action upon the judgment has accrued. (*Hills* v. *Sherwood*, 33 Cal. 474, 479.) In *Gilmore* v. *American C. I. Co.*, 65 Cal. 63, it is said: "Until litigation on the merits is ended, there is no finality to the judgment, in the sense of a final determination of the rights of the parties, although it may have become final for the purpose of an appeal from it." And in the same case (*Gilmore* v. *American C. I. Co.*, 67 Cal. 366) it is said that the judgment became final only, in the sense of the stipulation, when the time to move for a new trial and to appeal therefrom had elapsed, and no motion was made and no appeal taken. In *Harris* v. *Barnhart*, 97 Cal. 546, it is said: "Until the time for an appeal has expired, if the judgment has not been sooner satisfied, the action is, under section 1049 of the Code of Civil Procedure, to be deemed as pending." To like effect are *Naftzger* v. *Gregg*, 99 Cal. 83,[1] and *In re Blythe*, 99 Cal. 472, in which latter case it is held: "That a judgment, in order to be admissible in evidence for the purpose of proving facts therein recited, must be a final judgment in the cause, and if the action in which the judgment

---

[1] 37 Am. St. Rep. 23.

is rendered is still pending, necessarily the judgment is not final." And therein is quoted with approval the language of the supreme court of New York in *Webb* v. *Buckelew*, 82 N. Y. 560, where it is said: "Until final judgment is reached, the proceedings are subject to change and modification, are imperfect and inchoate, and can avail nothing as a bar or as evidence, until the judgment, with its verity as a record, settles finally and conclusively the question at issue; and whenever it fails to fix and determine the rights of the parties, whenever it leaves room for a final decision yet to be made, it is not admissible in another action, for the plain reason that it has finally decided and settled nothing." In *Story* v. *Story*, 100 Cal. 41, the trial court had ad nitted in evidence a judgment rendered in another action before the time for an appeal therefrom had expired, and this court, in reversing the judgment, said: "At the time that the court made its decision in the present case, the other action was still pending (Code Civ. Proc., sec. 1049), and while that action was so pending the judgment rendered therein could not be a bar to the prosecution of the present action." In *Brown* v. *Campbell*, 100 Cal. 635,[1] the court expounds the doctrine that *res adjudicata* applies only to final judgments, and proceeds: "The time to appeal from the judgment of November 24th had not expired when the cross-complaint was filed, and although no appeal had been taken therefrom, the action was still pending, within the legal meaning of the term, and the judgment was not a bar to a retrial of the matters alleged in the cross-complaint, under the rule announced by this court." (Citing cases.) While, as pointed out by Mr. Justice Harrison in his concurring opinion in *Naftzger* v. *Gregg*, 99 Cal. 83,[2] and in *Cook* v. *Rice*, 91 Cal. 664, cases may arise in which, for certain purposes, a judgment may be evidentiary before it has become final, these cases are exceptional, and the general rule prevailing in this state is that which has been so frequently declared. In other cases, such as *Trenouth* v. *Farrington*, 54 Cal. 273, where may be found *dicta* apparently declaring that the statute of limitations begins to run from the entry of the judgment, it will be noted that the present question was not before the court, the argument there urged being only to the effect that the statute of limitations began to run from the date of the

---

[1] 38 Am. St. Rep. 314.          [2] 37 Am. St. Rep. 23.

rendition, and not from the date of entry. The actions were one and all within the five-years' limitation if time began to run from the date of entry, but were barred if it was calculated from the date of rendition. The decisions, therefore, are not directed to the particular matter here in controversy.

It is the established rule and doctrine, then, that action will lie only upon a final judgment, and that in the generality of cases only such a judgment is admissible in evidence. If the five-years' statute of limitations is to commence to run from the date of the entry of judgment, the anomalous condition is presented of a *right* of action which may be barred before the *cause* of action has accrued. In every case, even where there was no appeal, it would mean that the period was shortened by construction from five years to four, and where an appeal had actually been taken, it might readily happen that the five years had elapsed before final determination upon appeal, and the statute of limitations would have barred the action before the right to commence it had ever rested with the prevailing party. It is of the essence of a statute of limitations that it acts upon a party *sui juris*, to whom a complete cause of action has accrued, and such is the provision of section 312 of the Code of Civil Procedure, above quoted. When one is under disability, or when from any cause the right of action is not perfect, the statute does not begin to run. The construction contended for by respondent would, as has been said, be an absolute reversal of and exception to this general salutary rule. Far more in harmony with the spirit of our law and with our adjudications upon this subject is the interpretation which holds that the statute begins to run only when the right of action has accrued, and this, as has been said and shown, is after final determination on appeal, in the event that an appeal has been taken, or after passage of the time in which an appeal might be taken, in the event that none has been.

For the foregoing reasons the judgment appealed from is reversed and the cause remanded to the trial court, with directions to overrule the demurrer.

Beatty, C. J., Temple, J., and Garoutte, J., concurred.

Harrison, J., and McFarland, J., dissented.