## HOWE v. SEARS et al.*

No. 1697.   Decided April 18, 1906 (84 Pac. 1107).

JUDGMENT—LIMITATION OF ACTIONS—WHEN CAUSE OF ACTION ACCRUES —DEFICIENCY ON FORECLOSURE.—Revised Statutes 1898, sec. 2855, provides that civil actions may be commenced only within the periods prescribed after the cause of action accrues.   Comp. Laws 1888, sec. 3460, provided that there could be but one action for the recovery of a debt or the enforcement of any right secured by mortgage upon real estate.   It was further provided that if it appeared from the return of the officer making the foreclosure sale that the proceeds were insufficient to pay the amount due, judgment could be docketed for the balance against the defendant personally liable for the debt.   *Held*, that a right of action on a deficiency judgment entered after foreclosure sale accrued at the date the amount of the deficiency was ascertained and not at the time the decree of foreclosure was made.[1]

APPEAL from   District Court, Third District;   M. L. Ritchie, Judge.

Action by Richard Howe against Isaac Sears and another. From a judgment for defendants; plaintiff appeals.

REVERSED AND REMANDED.

*J. H. Moyle* for appellant.

*Stewart & Stewart & Budge* for respondent.

### APPELLANT'S POINTS.

The statute of limitations on judgments does not commence to run until the expiration of the time within which an appeal may be taken.   A judgment is not final so as to support an action thereon while the judgment debtor retains

---

*What entry or record of judgment or order is necessary to start statute of limitations running, see note, 28 L. R. A. 634.

[1] Donaldson v. Grant, 15 Utah 231, 49 Pac. 779; Russell v. Hank, 9 Utah 309, 34 Pac. 245.

the right to appeal therefrom or prosecute proceedings for a new trial. (*Feeney v. Hinckley,* 134 Cal. 467, 66 Pac. 580; *Harrier v. Bassford* [Cal.], 78 Pac. 1038; 4 Current Law, 320.)

In *Feeney v. Hinckley,* supra, the court quotes the California statute relative to when an action can be commenced and what constitutes a final judgment, and the time during which an action is pending, these statutes are identical in letter or substance with the following sections of our statutes: (Sec. 3129, C. L. 1888; sec. 2855, Rev. Stat. 1898; sec. 3339, C. L. 1888; sec. 3183; Rev. Stat. 1898; sec. 3706, C. L. 1888; sec. 3490, Rev. Stat. 1898.)

"An action will not lie upon a judgment until it has become final. Until that time has arrived, no cause of action upon the judgment has accrued. (*Hills v. Sherwood,* 33 Cal. 474, 479; *Gilman v. Ins. Co.,* 65 Cal. 63, 2 Pac. 882; *Harris v. Barnhart,* 97 Cal. 546, 32 Pac. 589; *Naftzger v. Gregg,* 99 Cal. 83, 37 Am. St. Rep. 23, 33 Pac. 757; *In re Blythe,* 99 Cal. 472, 34 Pac. 108; *Webb v. Buckelew,* 82 N. Y. 560, 3 Current Law, 1449.)

"A limitation is unreasonable which does not afford full opportunity for the enforcement of the rights upon which it operates." (4 Current Law, 447; 9 Enc. Pl. & Pr., 451.)

A judgment must be final and definite, and for a specific sum. If anything is left to be determined it is not a final judgment or judgment lien, it is a mere contingency and not effective as a judgment. (Freeman on Judgments [3 Ed.], sec. 340; *Hobbs v. Duff,* 23 Cal. 623; *Chapin v. Broder,* 16 Cal. 403; *Weil v. Howard,* 4 Nev. 826; *Culver v. Rogers,* 28 Cal. 520; *Moss v. Odell,* 66 Cal. 580, and cases cited; *Russell v. Hanks,* 9 Utah 313; 2 Black on Judgments, sec. 959; *England v. Lewis,* 25 Cal. 358.)

The judgment is not a lien, and can not be enforced, or execution issue until the deficiency is determined and the amount docketed. (*Russell v. Hanks,* 9 Utah, 309, 313; *Chapin v. Broder,* 16 Cal. 422, 423; *Hobbs v. Duff,* 23 Cal. 623; *Weil v. Howard,* 4 Nev. 628; *Hibberd v. Smith,* 50

Cal. 511; *Hunt v. Dohrs,* 39 Cal. 304; *Biddle v. Brizzolara,* 64 Cal. 363.)

It is a rule of the civil law that time begins to run from date when creditor has a perfect right to prosecute his demand, and the same rule holds in English and American statutes of limitations. (Buswell's Limitations and Adverse Possession, sec. 27; Pomeroy's Eq. Jurisprudence, sec. 112; *Wills v. Gibson,* 7 Pa. [7 Bars.]154.)

The statute of limitations does not commence to run until the judgment is entered and recorded. (*Fremont v. Farrington,* 54 Cal. 273; *Herrlich v. McDonald,* 38 Pac. 360, and cases cited; *Crim v. Kissing,* 89 Cal. 491; *Trenouth v. Farrington,* 54 Cal. 273; *Crim v. Kissing,* 89 Cal. 487; *Wakefield v. Brown,* 38 Minn. 361; *Underwood v. Green,* 56 N. Y. 247.)

### RESPONDENT'S POINTS.

There is no question but that the judgment signed September 6, 1895, and filed, docketed and recorded September 12, 1895, was a full, complete and final judgment, and was the only judgment rendered in favor of the plaintiff and against the defendants, and that the deficiency sued upon by the plaintiff in this action was not a judgment. (*Condee v. Barton,* 62 Cal. 5; 17 Am. & Eng. Ency. Law [2 Ed.], 768; *Crim v. Kissing,* 89 Cal. 487; *Leviston v. Ewan,* 33 Cal. 483; 1 Black on Judgments, sec. 1; *Watson v. Mayberry,* 49 Pac. 481; *Smith v. Pegg,* 69 N. W. 489; *McCaskill v. McKinnon,* 28 S. E. 265; *Culver v. Rogers,* 28 Cal. 520; *England v. Lewis,* 25 Cal. 349.)

We think it is clear that the alleged judgment sued upon and relied upon by the plaintiff is no judgment at all, and that no competent evidence is before the court that the alleged "deficiency judgment" entered on the 14th day of October, 1895, was or is a judgment. The deficiency was not itself a judgment, but merely the balance unpaid on the judgment rendered September 6, 1895, and docketed Sep-

tember 12, 1895. But even though the court should take the view that there was such a thing as a "deficiency judgment," upon which an action could be based, we do not think that it is a judgment to which section 2874 is applicable, but so far as the statute of limitations is concerned must be considered as a part of the judgment rendered September 6, 1895. (Freeman on Judgments [3 Ed.], sec. 433; *Faber v. Hovey,* [Mass.] 19 Am. St. Rep. 399; *Woodward v. Carson,* 86 Pa. St. 176; *Mason v. Cronise,* 20 Cal. 212; Freeman on Judgments [3 Ed.], sec. 435, pp. 756-7; Id., sec. 432, p. 750; 2 Black on Judgments, sec. 960.)

STRAUP, J.

This is an action on a judgment. The court found that it was barred by the statute of limitations. The judgment on which this action is founded was entered September 12, 1895, decreeing the foreclosure of a mortgage in favor of this plaintiff and against these defendants, ordering a sale of the mortgaged premises, and providing for a deficiency judgment to be docketed and entered against the defendants, if the sale of the mortgaged premises be insufficient, as shown by the officer's return, to satisfy the judgment. The order of sale of the mortgaged premises was issued the following day. The property was sold October, 9, 1895. On the officer's return, showing a deficiency, a judgment therefor was docketed and entered against the defendants on the 14th day of October, 1895. This action on the judgment for the unpaid deficiency was commenced September 15, 1903. The period prescribed by the statute for the commencement of an action on a judgment is eight years. Section 2874, Revised Statutes 1898. If the statute began to run from the entering of the judgment, this action is barred by three days. If it did not begin to run until the deficiency was ascertained, it is not barred. This presents the decisive question.

Section 2855, Revised Statutes 1898, provides that civil actions may be commenced only within the periods prescribed "after the cause of action shall have accrued." Sec-

tion 3460, Comp. Laws Utah 1888, in force at the time the judgment of foreclosure was had, provides that there can be but one action for the recovery of any debt or the enforcement of any right secured by mortgage upon real estate, and it must be in accordance with the chapter providing for the foreclosure of mortgages. Provision is made for the sale of the mortgaged property to be applied on the amount found due.

"And if it appear from the return of the officer making the sale that the proceeds are insufficient, and a balance still remains due, judgment can then be docketed for such balance against the defendant or defendants, personally liable for the debt, and it becomes a lien on the real estate of such judgment debtor, as in other cases, on which execution may be issued."

It is only by virtue of the statute that a money judgment can be rendered by a court of equity in a foreclosure proceeding, and the statute only provides for a deficiency judgment, for the balance remaining due, after a sale of the mortgaged property has failed to produce the full amount found to be due. (*Bouton v. Cameron*, 205 Ill. 50, 68 N. E. 800.) Independently of some statute the mortgagee was required to bring a separate action for a recovery of any deficiency, after exhausting the mortgaged property. (2 Jones, Mortgages [6 Ed.], sec. 1571.) While under the statute full relief is given in one action, where theretofore two actions were required, yet the mortgagee cannot recover a personal judgment, and is not entitled to have one entered or docketed against the debtor, until he has exhausted the mortgaged property and the deficiency is ascertained. (*Donaldson v. Grant*, 15 Utah 231, 49 Pac. 779; *Russell v. Hank*, 9 Utah, 309, 34 Pac. 345; *Crim v. Kessing*, 89 Cal. 487, 26 Pac. 1074, 23 Am. St. Rep. 491; *Bank v. Cassaccia*, 103 Cal. 641, 37 Pac. 648; *Hopkins v. Warner*, 109 Cal. 133, 41 Pac. 868; *Barbieri v. Ramelli*, 84 Cal. 154, 23 Pac. 1086.)

The foregoing authorities also hold, that, under a statute such as we have, the mortgagee may not waive his security and sue on the debt alone. He is first required to exhaust the mortgaged property. The mortgagor cannot personally

be called upon or compelled to pay any part of the debt secured by mortgage, until sale of the mortgaged premises; and the liability which shall then accrue against him, is a liability to pay only the deficiency which shall appear on the officer's return. His liability is contingent on the fact that a sale of the property shall fail to satisfy the debt and costs. It is, however, argued that the statute authorizes only a single decree which determines the amount due, provides for the sale of the mortgaged premises, and a deficiency judgment over against the persons personally liable for the debt, and, therefore, the judgment is but one judgment, and the statute of limitations must be held to run from the time of its entry. But

"There was no personal judgment for this amount, nor was there anything, in the nature of a personal judgment, beyond the mere direction for the issuance of an execution in the event of the insufficiency of the mortgaged property to pay the debt. The whole matter was contingent, indefinite, and uncertain, and, so long as this continued to be the case, no effect whatever could be given to it." (*Chapin v. Broder*, 16 Cal. 403.)

It is the officer's return which makes absolute the personal liability that was before conditional, and liquidates and renders certain the amount for which the mortgagor is personally liable. (*Biddel v. Brizzolara*, 64 Cal. 354, 30 Pac. 609.)

Until such deficiency is ascertained, and the judgment therefor docketed, no execution can properly issue on the judgment, nor is the judgment a general lien on the real property of the defendants, nor can it be enforced, so far as any personal liability or money judgment against them is concerned. (*Russell v. Hank*, supra; *Hibberd v. Smith*, 50 Cal. 511.) "A judgment without the right of execution to enforce it is really no judgment." (*Thompson v. Dale*, 58 Minn. 365, 59 N. W. 1086; *Englund v. Lewis*, 25 Cal. 358.)

The statute of limitations

"Begins to run from the time when the creditor acquires a full and perfect right to prosecute his demand. In other words, the period of limitation is to be computed from the time at which the right of entry accrues, or at which the creditor may, legally, commence his action. If the contract is to pay money at a future time, the statute is inoperative until the specified period has elapsed, or the particular event has happened; or, if the contract is conditional, until the condition has been performed." (Buswell, Limitations, sec. 27.)

Here the contingency upon which a personal judgment could have been had, and was authorized against the defendants, being only that there is a deficiency after sale of the mortgaged property; until such event has happened, and such fact is ascertained, no liability exists against the defendants personally on the judgment, and no right accrued to plaintiff to prosecute any such demand against them. Had, therefore, an action been brought by the plaintiff against the defendants, on the judgment, seeking a personal liability and a money judgment thereon against them, four days after the entering of the decree of foreclosure, and a plea in abatement had been interposed thereto setting forth the fact that the mortgaged premises had not been sold, and from the very nature of things could not have been sold, within such time, and that it had not been ascertained that any deficiency existed, and hence no personal liability had accrued against the defendants on the judgment, we see no reason why such plea would not be good. As the authorities, under statutes like ours, hold, that the mortgagee may not waive his security and sue on the debt alone, but that he is required to first to exhaust his security before he is in position to make and enforce any demand against the mortgagor personally for the debt, on what principle may it be said that the mortgagee, after he has changed the evidence of his indebtedness from a note to a judgment, may then enforce his demand against the mortgagor for a personal liability, before the security has been exhausted? We are of the opinion that the trial court erred in holding that the action was barred.

The judgment of the court below is reversed, with costs, and a new trial granted.

BARTCH, C. J., and McCARTY, J., concur.