SWEETSER et al. v. FOX et al.

No. 2434.   Decided May 9, 1913.   (134 Pac. 599).

1. APPEAL AND ERROR—HARMLESS ERROR—STRIKING OUT PARTIES. A judgment will not be reversed for technical error in striking out the names of certain plaintiffs where no prejudice results to defendant therefrom.   (Page 43.)

2. ABATEMENT AND REVIVAL—DEATH OF PARTNERS. It was not error to strike out the names of two deceased partners as plaintiffs and permit the action to proceed to judgment under the names of the surviving partners.   (Page 43.)

3. JUDGMENT—ACTION ON—LIMITATIONS. Comp. Laws 1907, sec. 3490, provides that an action is pending from its commencement until final determination upon appeal, "or until the time for appeal has passed, unless the judgment is sooner satisfied"; sec. 3307 provides that an appeal from a judgment or order directing the payment of money does not stay execution, unless a written undertaking be given; and sec. 3320 provides for restitution in case judgment is reversed or modified on appeal after its enforce-

ment. *Held*, that a judgment became final so as to start the eight-year limitation against an action thereon from the time it was rendered, where no appeal was taken, and not from the expiration of the six months within which an appeal might have been taken; actions remaining pending after judgment only for the purpose of enforcing them or to institute proceedings to review.[1] (Page 45.)

4. ACTION—TIME PENDING—"PENDING ACTION." An action is deemed to be pending at common law so long as a judgment remains unsatisfied. (Page 45.)

5. EXECUTION—JUDGMENT—ENFORCEMENT—TIME OF ENFORCEMENT. A judgment may be enforced either by execution or action, immediately after rendition, unless execution be stayed. (Page 46.)

6. ABATEMENT AND REVIVAL. When the purpose of an action is merely to enforce a judgment, the plea of another action pending cannot be interposed in the action upon the judgment merely because the time to appeal has not passed; the only plea available being that the judgment has been suspended by supersedeas bond. (Page 47.)

7. JUDGMENT—FULL FAITH AND CREDIT. The full faith and credit clause of the federal Constitution applies as soon as a judgment is enforceable and not merely after the time to appeal has elapsed. (Page 48.)

8. JUDGMENT—ACTIONS—LIMITATION. Comp. Laws 1907, sec. 2874, requiring an action on a judgment to be commenced within eight years, means eight years from the time the cause of action has arisen. (Page 48.)

9. LIMITATION OF ACTIONS—TIME. A cause of action arises the moment an action may be maintained to enforce the legal right so that the statute of limitation then begins to run. (Page 49.)

10. JUDGMENT—EVIDENCE. For the purpose of its enforcement, a judgment is evidence of its own existence immediately on rendition and entry as provided by law. (Page 51.)

APPEAL from District Court, Third District; *Hon. M. L. Ritchie,* Judge.

Action by George B. Sweetser and others, co-partners, doing business as Sweetser, Pembrook & Company, against Jesse W. Fox, Jr., and others.

Judgment for plaintiffs. Defendants appeal.

REVERSED AND REMANDED, WITH DIRECTIONS TO GRANT A NEW TRIAL.

*Burton & Johnson,* for appellants.

*Dey & Hoppaugh,* for respondents.

FRICK, J.

On the 29th day of December, 1897, all of the plaintiffs above named, as partners doing business as such, obtained judgment in the circuit Court of the United States in and for the district of Utah against all of the defendants above named. On the 12th day of June, 1906, an action in the name of all of the plaintiffs as partners was commenced on the judgment aforesaid against all of the defendants. Separate demurrers were filed by the defendants, which were overruled, and they then filed separate answers in which the only defense that is material here was that the action was barred by the provisions of Comp. Laws 1907, section 2874, which provides:

"An action upon a judgment or decree of any court of the United States, or of any state or territory within the United States," must be commenced "within eight years." Plaintiffs replied that the defendant Christopherson was absent from the state of Utah for "more than one year after said cause of action had accrued and prior to the commencement of this action."

Nearly two years after this action was commenced all of the plaintiffs above named, except George D. Sweetser and J. Howard Sweetser, filed an application in which they set forth that at and prior to the time the judgment upon which this action is based was obtained all of the plaintiffs were coparteners and were doing business as such, and that thereafter, and before this action was commenced, the said George D. Sweetser and J. Howard Sweetser died leaving the other four as the surviving members of the said copartnership, and further alleged that the four named are the sole owners of said judgment as surviving partners as aforesaid. Pursuant

to the foregoing application they asked that the names of the first two be stricken out and that the action proceed in the name of the four surviving partners as plaintiffs. The court granted the application and permitted the action to proceed in the name of the four surviving partners, who, the court found, were the real and only parties in interest. Notwithstanding that order, all of the names of the original plaintiffs are retained in the title of the action, even in this court.

The defendants insist that the district court erred in allowing the application aforesaid. Nothing is made to appear wherein the defendants are in any way prejudiced by striking out the two names as aforesaid. If it were assumed, therefore, that the court had committed technical error in striking out the names, yet, as there is no claim nor evidence of prejudice, the judgment cannot be reversed upon the ground just stated.

But we can see no reason whatever why, under the facts disclosed by this record, the district court was not justified in striking out the names of the two deceased partners as plaintiffs and in permitting the action to proceed to judgment in the names of the other surviving partners. This assignment, therefore, must be overruled.

Proceeding now to a consideration of the only serious question in the case, namely, the defense that the action is barred by our statute of limitations, we remark that the court found that the action in question was commenced 8 years and 165 days after the entry of the judgment upon which it is based, and that the defendant Christopherson was absent from the state of Utah during that ime for "a period of not more than 164 days." The court, however, held that the action was not barred and entered judgment against all of the defendants for the full amount of the judgment, including interest. The defendants appeal and insist that the district court erred in holding that the action upon the judgment was not barred by the provisions of he statute we have referred to and in rendering judgment against them. Upon the other hand, plaintiffs contend that the action is not

barred because of what is contained in Comp. Laws 1907, section 3490, which provides:

"An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied."

That section has been in force in this state continuously since some time prior to 1888. It constituted section 3706 of Comp. Laws 1888, and was thereafter carried into the Revised Statutes of 1898 as section 3490. The section is an exact copy of section 1049 of the California Code of Civil Procedure.

It is conceded that the judgment in question was not appealed and that no motion for a new trial was ever filed. In other words, it is conceded that the judgment was never assailed in any way by any one. Plaintiffs contend that notwithstanding that fact the judgment did not become final until the time for an appeal had passed, namely, until six months from the time of its entry, while the defendants insist that the judgment became a final and enforceable judgment immediately upon being rendered and entered as provided by law, and hence 8 years, plus 165 days, had elapsed when this action was commenced. The question that we must determine,, therefore, is, When did the statute of limitations begin to run on the judgment in question?

Counsel for plaintiffs contend that the foregoing question is determined in their favor by the Supreme Court of California in the case of *Feeney v. Hinckley,* 134 Cal. 467, 66 Pac. 580, 86 Am. St. Rep. 290, and that in view that our statute (section 3490, *supra*) is a copy of the California statute upon which the California Supreme Court bases its decision in the case just referred to we should follow that decision. If the case just referred to is to be followed, then this opinion should end right here, since no distinction can be drawn between the principle involved in this case and in the California case referred to. The case of *Feeney v. Hinckley, supra,* was decided in November, 1901, many years after section 3490, *supra,* was in force in Utah. We are there-

fore not confronted with a situation where a statute from another state is adopted after the same had been authoritatively construed and applied by the courts of the latter. Notwithstanding this fact, we were lothe to disagree with the conclusion reached by the Supreme Court of California and have done so only upon mature deliberation and after having carefully considered both the reasoning and authorities upon which the decison in *Feeney v. Hinckley* is said to be based. In our judgment the decision in that case is based upon what is assumed to be the law rather than upon what the law actually is.

The decision seems to be based upon the conception that because the statute (section 3490) provides that an action should be deemed pending until the appeal, if one is taken, be determined, or, if no appeal be taken, then until the time for an appeal has expired, for that reason a judgment is not to be deemed final for the purpose of setting in motion the statute of limitations until the time has elapsed within which an appeal can be taken, and that if it were held otherwise the judgment creditor would not have the full time given by the statute of limitations in which to bring an action upon a judgment. In arriving at such a conclusion, the California Supreme Court, we think, committed at least two errors. The first one consisted in assuming that section 3490 in some way greatly changed or affected the rule prevailing at common law with regard to when actions were deemed pending.

The rule in that regard in force at common law is well stated by the Court of Appeals of New York in the case of *Wegman v. Childs,* 41 N. Y. 159, where it is stated thus:

"An action is pending in a court, though judgment has been recovered therein, as long as such judgment remains unsatisfied."

To the same effect are *Gates v. Newman,* 18 Ind. App. 398, 46 N. E. 654; *Ulshafer v. Stewart,* 71 Pa. 174; *Wright v. Nostrand,* 94 N. Y. 45; *Chapin v. James,* 11 R. I. 89, 23 Am. Rep. 412; *Ex parte Howland,* 3 Okl. Cr. 142, 104 Pac. 927, Ann. Cas. 1912A, 840; *Day v. Holland,* 15 Or. 464,

15 Pac. 855; *Shirley v. Birch,* 16 Or. 13, 18 Pac. 344; 6 Words and Phrases, 5277.

Section 3490, *supra,* therefore, belongs to that class of statutes wherein it was sought to declare and make certain an existing rule of practice or procedure rather than to create a new one. Moreover, when other provisions of the Code, which have a bearing upon the subject, are kept in mind and are given proper force, it, in our judgment, is conclusive that neither in adopting the rule at common law nor by what is said in the statute was it intended to declare that, although actions be pending after judgment, they are necessarily pending for all purposes. In our judgment actions remain pending after judgment only for the purpose of enforcing them and to institute the proceeding provided by law to reverse or to modify them. For the purpose of enforcing the judgment, it is just as much final immediately after its rendition and entry in the court of original jurisdiction, unless it is expressly otherwise provided by some statute, as it is after an appeal is terminated. For the purpose of *res judicata* or estoppel this may, however, not be so. If this distinction be kept in mind, no difficulty will be encountered in applying the remedies incident to the enforcement of judgments.

It is certainly elementary law that a judgment may be enforced either by execution or by an action immediately after rendition, unless execution be stayed and the judgment suspended in accordance with law or some fixed rule of practice or procedure. The law in this respect is clearly stated by the author of Freeman on Judgments (4th Ed.) sec. 432, in the following words:

"The right to bring an action upon a judgment at any time after its rendition, until it is barred by some statute of limitations, though the plaintiff retains the power to collect it, if he can, by execution, is almost universally conceded, and such concession has not, so far as we are aware, been attended by any such abuse of the privilege conceded as calls for legislative interposition."

The abuse here referred to is the one sometimes alluded to of bringing successive actions upon the same judgment. To the same effect is 2 Black on Judgments, sec. 958.

The cases supporting the foregoing doctrine are very numerous. We shall refer to a few only, namely: *Morse v. Pearl,* 67 N. H. 317, 36 Atl. 255, 68 Am. St. Rep. 672; *Citizens' Nat. Bk. v. Lucas,* 26 Wash. 417, 67 Pac. 252, 56 L. R. A. 812, 90 Am. St. Rep. 748 (see the editor's note to this case, page 755); *Schuyler County Bk. v. Bradbury,* 56 Kan. 355, 43 Pac. 254; *Snyder v. Hitchcock.* 94 Mich. 313, 54 N. W. 43; *Cain v. Williams,* 16 Nev. 426; *Gilmore v. H. W. Baker Co.,* 14 Wash. 52, 44 Pac. 101; *Suydam v. Hoyt,* 25 N. J. Law, 230; *Union Trust Co. v. Rochester & P. R. Co.* (C. C.), 29 Fed. 609-611; *Johnson v. Foran & Co.,* 59 Md. 460.

But, entirely apart from these authorities, our statute (Comp. Laws 1907, sec. 3307) clearly contemplates the enforcement of judgments given for the payment of money immediately after they are entered, since it is there provided that an appeal from a "judgment or order directing the payment of money does not stay the execution of the same unless a written undertaking be executed on the part of the appellant by two or more sureties to the effect," etc. Again, section 3320 provides for restitution in case a judgment is reversed or modified on appeal after its enforcement, and also affords protection to the purchaser under execution sales in such cases. It is idle, therefore, to contend that in this state the enforcement of judgments is or was intended to be held in abeyance by what is said in section 3490, since it manifestly was not intended that the provisions of that section are alone controlling simply because they in some respects are contrary to other statutory provisions relating to the enforcement of judgments. A judgment in this state is therefore not suspended or superseded unless and until that is accomplished in accordance with our statute relating to that subject.

In connection with the question just considered it must also be kept in mind that the courts are practically unanimous in holding that, where the purpose of the action is merely to enforce the judgment, a plea of another action pending cannot successfully be interposed in the

action commenced upon a judgment before the time for appeal has expired. The only plea that is of any avail in such an action is that the judgment has been suspended by the execution of a supersedeas bond as provided by law or some other statutory method. From among the numerous cases that might be cited in support of the foregoing doctrine, we refer to the following: *Rogers v. Odell,* 39 N. H. 417; *Steers v. Shaw,* 53 N. J. Law, 358, 21 Atl. 940; *Merritt v. Fowler,* 76 Hun (N. Y.) 424, 27 N. Y. Supp. 1047; *Litchfield v. City of Brooklyn,* 13 Misc. Rep. 693, 34 N. Y. Supp. 1090; *Oneida County Bk. v. Bonney,* 101 N. Y. 173, 4 N. E. 332; *City of North Muskegon v. Clark,* 62 Fed. 694, 10 C. C. A. 591; *Gordon v. Gilfoil,* 99 U. S. 168, 25 L. Ed. 383. Moreover, in all of the cases to which we have referred so far, where the question was raised, it is expressly held that the statute of limitations begins to run upon a judgment immediately after its rendition if under the local law it is then enforceable. We shall therefore not cite the cases upon that question again.

The full faith and credit clause of the federal Constitution also applies as soon as the judgment is enforceable and is not held in abeyance until the time for appeal 7 has elapsed. How can any one doubt that the plaintiffs here could have maintained an action upon the judgment in question in the courts of this state or of any other state in the Union at any time after it was rendered in the United States Circuit Court? If any one entertains any doubt upon that question, a mere cursory reading of the numerous authorities upon that subject will at once dispel it.

Our statute provides that an action upon a judgment must be commenced within eight years. Eight 8 years from what time? Clearly from the time a cause of action has arisen.

It is a rule of universal application that a cause or right of action arises the moment an action may be maintained to enforce it and that the statute of limitations is then set in motion. The test, therefore, is, Can an action be maintained upon the particular cause of action in ques-

tion? If it can, the statute begins to run. This test **9**
is not questioned in *Feeney v. Hinckley,* but it is ac-
tually invoked in that case. It is there held, however, that
a cause of action does not arise upon a judgment until an
appeal, if one is taken, is determined, or, if none is taken,
until the time for an appeal has elapsed. That conclusion,
as we have seen, is, however, contrary to the overwhelming
weight of authority, and in our judgment is the second error
into which the Supreme Court of California has fallen in
the Feeney Case. That court, however, seeks to sustain its
conclusion upon the ground that a judgment may not be
considered final until the time for an appeal has elapsed.
It has accordingly repeatedly been held in that state that
a judgment roll may not be used as evidence for the purpose
of establishing pleas of estoppel or *res judicata* pending an
appeal or during the time an appeal can be taken. The cor-
rectness of that doctrine may be conceded, and yet it in no
way militates against the fact that a judgment may never-
theless be used as evidence for some purpose other than
estoppel and *res judicata.* The reason why a judgment roll
pending an appeal or during the time when one may be
taken may not be used as evidence of an estoppel or *res
judicata* of any particular fact or facts involved in the liti-
gation which terminated in the judgment evidenced by the
judgment roll is palpably obvious. So long as the judg-
ment may be modified or reversed upon a direct proceeding
on appeal or otherwise, the facts that were involved in the
litigation cannot be said to be *res judicata.* That is, they
are not finally fixed and determined, but are still subject
to be changed or entirely overthrown. But this in no way
affects the right of the judgment creditor to enforce his
judgment either by execution or by another action.
This right he had at common law and is continued in force
by our statute. If the judgment debtor desires to prevent
the immediate exercise of the right, he may appeal and su-
persede or suspend the judgment as provided by the stat-
ute. It is clear, therefore, that, although a judgment may
not be used as evidence for all purposes, it may nevertheless

be used as evidence to prove its own existence. For the latter purpose the judgment may, and in the very nature of things must, be used as evidence, even in case of an appeal. If this were not so, no appeal could be prosecuted, since there could be no evidence to establish the judgment which is the subject of the appeal. At common law as well as under our statute a judgment may also be used as evidence of its own existence when it is sought to be enforced either upon execution or by bringing an action upon it. This is inevitable, and the Supreme Court of California has clearly demonstrated that such is the case.

In a much later case than *Feeney v. Hinckley*, namely, *McKennay v. Horton*, 151 Cal. 711, 91 Pac. 598, 13 L. R. A. (N. S.) 661, 121 Am. St. Rep. 146, that court enforced a judgment immediately after its rendition notwithstanding the objection made that such could not be done because the time for appeal in that case had not yet expired. It may well be asked, How was it possible for the Supreme Court of California to sustain the enforcement of the judgment of the lower court unless it regarded the same as final and enforceable and received it as evidence to prove its own existence? The judgment in that case at least was enforced, although an appeal was permissible at the time it was enforced. If, therefore, a judgment may be enforced before the time for an appeal has elapsed, it must be done upon the theory that it exists as a final and enforceable judgment and that its existence may be established by the production of the judgment roll. In other words, the judgment may thus be used as evidence to prove its own existence. It may be contended, however, that in the later California case the judgment was by a statute made enforceable forthwith. But such, as we have shown, is in legal effect also the case under our statute. There is no difference in principle between the right of immediate enforcement of a judgment and its actual enforcement. There is therefore no difference in principle between the later California case and the one at bar, or, for that matter, between the judgment in the California case

and any judgment entered in the courts of this state which is enforceable under our statute.

But it is further contended by the plaintiffs that this court is committed to the doctrine laid down in the case of *Feeney v. Hinckley* by the results reached in *Howe v. Sears*, 30 Utah, 344, 84 Pac. 1107, and in *Vance v. Heath*, 42 Utah, 148, 129 Pac. 365. There is absolutely nothing in *Howe v. Sears* that in any way supports the California doctrine. Indeed, if the facts in *Howe v. Sears* are kept in mind, the decision is at least negative authority in favor of the defendants. For example, if in that case this court had intended to follow the doctrine laid down in *Feeney v. Hinckley*, then no argument was required to show that the statute of limitations had not run in that case for the reason that confessedly the action would not have been barred for nearly, if not quite, six months after its commencement in any event. Nor is there anything said in the case of *Vance v. Heath* contrary to the conclusions reached here. Indeed, the latter case is in perfect harmony with our present conclusions. What is held in the Vance Case is that a judgment may not be used as evidence of estoppel or *res judicata* with regard to any particular fact or facts involved in the litigation pending an appeal or so long as the time for one has not expired. There is nothing said or intimated in that case that a judgment is not a final and enforceable judgment immediately after it is rendered, nor that it cannot be used as evidence to prove its own existence so long as it is not sought to use the judgment as evidence to establish an estoppel or *res judicata*.

There can be no doubt that for the purpose of enforcing it a judgment is evidence of its own existence immediately upon being rendered and entered as provided by law. Nor is there any doubt whatever that an action may be maintained upon such a judgment in any court of competent jurisdiction in any state in the Union, including the one in which it is rendered, just as soon as it is rendered and entered as aforesaid. The cause of action upon a

judgment, whether of a federal or a state court, therefore, arises as soon as the judgment has a legal existence, which is immediately upon its rendition in the court from which it emanates, or, if the law requires that it be entered in some book before it is enforceable, then from the time of such entry. In other words, a cause of action arises from the time a judgment is legally enforceable by execution or by action. In this state this may be done immediately after the judgment is or ought to have been entered. The statute of limitations is set in motion at that time, and unless an action is commenced within eight years thereafter the cause of action is barred. The fact that in this state a judgment may be enforced by execution during the full period of eight years in no way affects the question involved here. A party has the right to commence an action upon a judgment notwithstanding the fact that he can also enforce it by execution. Besides, he may desire to bring an action in a foreign state, and this he may do as soon as the judgment is called into existence in the manner authorized by law, unless there is some express statute to the contrary. The right to commence an action upon the judgment in question, therefore, expired eight years from and after the 30th day of December, 1897, or on December 30, 905, unless the statute, for some legal reason, was suspended during that time. It is contended, and the court so found, that as against the defendant Christopherson it was suspended for a period of 164 days and no more. If it be assumed that under the evidence in this case plaintiffs were entitled to add the entire period of 164 days to the eight years against the defendant Christopherson, yet, for the reasons hereinbefore stated, the action was not commenced in time even as against him.

In view of what has been said, therefore, the court erred in its conclusion of law and in entering judgment against the defendants. Under the undisputed evidence the action was not commenced until eight years and 165 days had elapsed, and therefore the right to maintain it was barred when the present action was commenced.

The judgment is therefore reversed, and the cause is remanded to the district court, with directions to grant a new trial. Costs to appellant.

McCARTY, C. J., and STRAUP, J., concur.