McGrew *v.* Reasons.

3L 485
7L 514
8L 484
1pi 278

GEO. W. McGREW *v.* G. B. REASONS.

1. JUDGMENT. *Barred by statute of limitation of ten years.* Judgments of a justice of the peace, as well as judgments of a court of record, are barred by the statute of limitations of ten years.

2. SAME. *Same. Execution. Certiorari and supersedeas.* Execution based upon such a judgment of the justice of the peace may be quashed in the circuit court upon petition for *certiorari* and *supersedeas.*

FROM GILES.

Appeal in error from the Circuit Court of Giles county. W. S. McLEMORE, J.

N. SMITHSON for McGrew.

J. C. LESTER for Reasons.

FREEMAN, J., delivered the opinion of the court.

This is a petition for *certiorari* and *supersedeas*, seeking to have a certain judgment before a magistrate declared void, and execution on the same quashed. The facts, as found in the petition and record are, that there appears a judgment on the docket of one Meredith, a justice of the peace for Giles county, in favor of McGrew against the present plaintiff for $35.93, rendered May 3, 1858. The docket appears regularly kept, and shows, under the title, "returning officer," the name of Lewis, a constable of the county, as the officer returning the warrant, also entries of various executions issued, the first in 1859, the last in October, 1878, which was superseded by this proceeding, commenced in November of that year. The claim of plaintiff for relief is based on the allegations, very definitely made, that he was never served with process, and never knew of the judgment until about a year before, when a constable informed him he had an execution on said judgment. It is also insisted that he not only did now owe McGrew, but that on the contrary McGrew owed him, at the date of the judgment. This comprises the ground of attack on the judgment as originally rendered.

It is then insisted the judgment was about nineteen or twenty years old when the execution was is-

sued, never had been revived within ten years, consequently was barred by our statute of limitations, Code, sec. 2776, providing actions on judgments and decrees of courts of record of this or any other State or Government, and all other cases not expressly provided for, shall be brought within ten years after the cause of action accrues. Plaintiff also relies on the presumption of payment arising from the lapse of sixteen years since the rendition of the judgment.

We need not discuss the question as to the judgment presented. The decision of the question of the statute of limitations is conclusive of the case in the view we have taken of it. Sec. 2776 of the Code provides that actions on judgments and decrees of courts of record of this or any other State or Government, "and all other cases not expressly provided for," shall be commenced within ten years after the cause of action accrues. This last clause includes judgments before a justice of the peace. It is intended to be a bar to its enforcement. To give it any effective operation we must hold that the issuance of an execution after the ten years is an action on said judgment, otherwise a party having such a judgment would never sue on it at all, so as to permit the bar of the statute to be interposed, and he might always, by his own testimony, rebut the presumption of payment in sixteen years, where both parties were living, by his own testimony, and then, by issuing an execution even at the end of twenty-five years, evade the bar of the statute.

It is argued the judgment should be revived by

*sci. fa.* before the ten years expired. But there would be an anomaly in such proceeding before the ten years had expired, for the judgment would be in full force and need no revivor, and after that time the statute would be interposed as a bar, and defeat it. It is true a suit might be brought on the judgment before the ten years, and then a party can always secure himself in such a case. If he fails to do so, then we think the time fixed by the statute should be effective to bar the enforcement of the judgment.

There is no more convenient or appropriate remedy than the one pursued in this case by *certiorari* and *supersedeas.* We therefore hold the execution was properly quashed for these reasons.

Upon petition to rehear FREEMAN, J., said:

Some weeks since an opinion was delivered in this case holding that an execution issued several years after (in this case nearly twenty years) the rendition of the judgment would be quashed when the case was brought before the court by *certiorari* and *supersedeas.* The principle on which this was held is, that sec. 2776 of the Code, prescribing the term of ten years as the period of limitation to judgments of courts of record, and then adding, "and all other cases not expressly provided for, within ten years after the cause of action accrued," applied to judgments before justices of the peace. These judgments not being otherwise provided for, must be included, or else we have the anomaly of a bar provided for judgment of the higher

grade, to-wit., of record, yet none for those of inferior dignity whatever. This, we think, was not intended.

We have carefully examined the argument of counsel, probably interested in the question, who now file briefs in this case. We find nothing new in them beyond what was urged substantially on the original argument. The question presented is simply one of construction. The Legislature has said that ten years shall be a bar to an action on a judgment. Shall the issuance of an execution after ten years be held equivalent to an action, and the bar made effective, or shall we hold it can only be used when a new suit is brought on the judgment? The Legislature certainly intended ten years to be as effective against judgments as six years was on a contract. We look to the nature of the thing to be barred. It is a judgment on which, by our law, an execution could be issued at any time without *sci. fa.*, or further step. This had long been the law when the Code was enacted. It is well known that suits have been seldom brought on domestic judgments in view of this, that is, simply actions to have another judgment. Now, as we said before, if the statute is to be practically effective as a bar to judgments, it must be allowed to be interposed to their enforcement by the usual means by which this is done, that is by execution. If not, a party having a judgment would never sue on his judgment at all, only issue execution, and thus evade the bar fixed by the Legislature. In this way his judgment could be enforced, it might be twenty-

five years after its rendition, there being only a disputable presumption of payment, as heretofore held, after sixteen years, which might be rebutted by satisfactory proof that in fact it had not been paid. This view was intimated by Judge *Nicholson* in the case of *Lain* v. *Lain,* 3 Baxter, 31, 32, where he decides that "a *sci. fa.* was proper after ten years, and it was a matter of justice to the defendant that he might resist it by pleading the statute of limitations of ten years." It is true the statute had not been pleaded in that case, but the reason given why a *sci. fa.* was proper is in harmony with the view we have taken. If a *sci. fa.* was proper after ten years, as held in that case, and the defendant might then interpose the plea of ten years to bar it, it may as well be done by the form of proceeding adopted in this case. Under that case, we should be compelled to quash the execution for want of having been proceeded by *sci. fa.* to have execution after the ten years, and then when the party resorts to the *sci. fa.* the bar will defeat him, so he will have two suits instead of one. If the principle of that case be correct, then the conclusion in this is in accord with it. We do not arbitrarily create the bar. The Legislature enacted it, and fixed the period at ten years as to judgments. We only give such construction to the enactment as shall make the enactment practically effective in the attainment of the end prescribed. The policy of the enactment was for the Legislature. When adopted by that body it is the duty of the court to aid in

making it efficient. This we do by the construction we have given, and the practice we have sanctioned. Dismiss the petition.