R. C. Brinkley and N. J. Wiggins *v.* M. D. Welch and C. L. Anderson, Sheriff, &c.

Judgment. *Lien. Levy.* A judgment which is superseded within twelve months after rendition, is a lien upon the debtor's land, and the lien will be continued for one year after the discharge of the *supersedeas*, provided the creditor shall issue execution and sell within that time. This lien is continued although no actual levy was made prior to the granting of the writ of error and *supersedeas*.

---

FROM SHELBY.

---

Appeal from the Chancery Court at Memphis. R. J. Morgan, Ch.

W. W. Goodwin for complainant.

L. Lehman and H. Clay King for defendants.

Deaderick, C. J., delivered the opinion of the court.

On the 11th of March, 1876, complainants filed their bill against defendants in the chancery court at Memphis. Complainant Brinkley seeks to establish a prior lien over Welch for the satisfaction of a judgment he had obtained against his co-complainant, while Wiggins impeaches the judgment Welch had obtained in the circuit court, upon the ground that the debt had been paid before judgment, and that he had been unable to procure the testimony of his partner to prove this fact, but had since the trial procured from him receipts showing the payment, etc. The bill was

demurred to, the demurrer sustained, and the bill dismissed, and complainants have appealed.

There are several of the numerous causes of demurrer which might be noticed, but it will be sufficient for all practical purposes to limit our discussion to that ground which presents for our determination the question, whether Brinkley or Welch is entitled to have precedence in satisfaction of the debt each claims out of the land described in the pleadings. The settlement of this question will be decisive of the case. The land will not probably pay either debt, and Wiggins having gone into bankruptcy, there is nothing else left for either to look to.

It is very clear, independently of multifariousness, that the validity of Welch's judgment cannot be enquired into upon the allegations made in the bill. The bill upon its face alleges that, from an examination of the records, it appears that Welch recovered, in the circuit court of Shelby county, against complainant Wiggins, on the 17th of July, 1872, a judgment for $1,450, and $53.55 costs; that an execution issued upon this judgment the 25th of January, 1873, but was not levied, but returned by the sheriff about the 25th of February, 1873, in obedience to a *supersedeas* granted said Wiggins with writ of error by supreme court. The cause then remained pending in the supreme court until the September term, 1875, when the writ of error was dismissed, and a *procedendo* is-ued to the circuit court, under which an *alias* execution issued and was levied upon said land, which was advertised for sale.

The bill in this case was filed in March, 1876, praying "that writs of injunction issue to said Welch and said sheriff (Anderson), restraining them from further proceeding to enforce the said execution in favor of Welch by a sale of said land or otherwise."

R. C. Brinkley's claim, as alleged in the bill, is founded upon a judgment obtained in said circuit court, June 28, 1875, for $1,716.17, from which judgment Wiggins prayed and obtained an appeal, in the nature of a writ of error, to the September term, 1875, of the supreme court, at which term of said supreme court said judgment was affirmed, and execution thereon issued and was levied on said tract of land February 18, 1876.

Upon the foregoing facts the complainant Brinkley insists that he is entitled to have his judgment first satisfied by the sale of the land.

It will be remembered that Welch's judgment was rendered July 17, 1872, and in January, 1873, execution was issued thereon; so that the execution in favor of Welch was issued within about six months after judgment, and was superseded in about seven months after judgment. The lien given, therefore, by our statutes in favor of Welch was subsisting at the time of the granting of the writ of error and *supersedeas.* at the instance of the judgment debtor Wiggins. Sec. 2980 of the Code simply declares that "judgments and decrees obtained in any court of record of this State, in the county where the debtor resides at the time of its rendition, shall be a lien upon the debtor's land from the time so rendered." Sec. 2982 provides

that this lien shall be lost unless an execution is taken out and the land sold within twelve months after the rendition of the judgment or decree. And sec. 2983 further provides: "If the sale within twelve months is prevented, by injunction, writ of error, appeal in the nature of a writ of error, or other adverse proceeding in court, the lien will be continued, provided the creditor shall issue execution and sell the land within one year after the injunction is dissolved, the judgment or decree affirmed, or other adverse legal proceeding dismissed."

It is argued for complainants that the meaning of sec. 2983 is not that the lien shall be continued if no levy is made, and the cause thus taken out of the jurisdiction below by writ of error before actual levy, but that the section applies only after levy, and where the *sale,* being the next step, is prevented by legal proceedings. But this, we think, would be to sacrifice the evident meaning and spirit and purposes of the act to a very questionable literal construction of it. It is true the section says, "if the sale is prevented," etc.; and it is insisted, that although the execution was in the hands of the sheriff, yet, not being levied, it was the *levy* that was prevented and not the sale. But the levy was necessary in order that the sale should be made; and the officer, with the process in his hands in ample time for making the levy and sale, is hindered and prevented from doing those things incident to the sale that the law requires, and was as clearly prevented from making the sale as if the levy had been made, and this by

reason of the writ of error and *supersedeas* sued out by defendant in the execution; and Welch is thus within the saving of sec. 2983 of the Code. Within less than six months after the dismissal of this preventive process, Welch again has an execution issued and levied, and the bill enjoins this sale of the land under this *alias* execution.

We are of opinion that the lien of Welch's judgment was not lost, but has been preserved, under a correct construction of our statutes, and that Brinkley's judgment, having been subsequently obtained, cannot take precedence of it.

The result is, that there was no error in dismissing the bill, and the chancellor's decree will be affirmed.