A. KARR *v.* W. F. SCHADE.

1. INSTANTER EXECUTIONS. *Effect of appeal.* An appeal from a judgment of a justice of the peace, where an instanter execution had issued under affidavit, vacates a judgment on a garnishee levied under said execution.

2. STEAMBOATS. *Registration.* It is not necessary to a valid sale of a steamboat in Tennessee, that it should be registered.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county.　C. W. HEISKELL, J.

TAYLOR & CARROLL and C. W. HEISKELL for Karr.

JARNAGIN & FRAYSOR for Schade.

FREEMAN, J., delivered the opinion of the court.

Karr sued Schade and one Matt. Trimble before a justice of the peace for Shelby county, and sought a recovery on two accounts, for supplies and articles furnished steamers Carl Schurz and The Laura No. 2. The suit was brought against Schade and Trimble, as owners of said boats. Judgment was given by the justice on these accounts on the 9th of January, 1877, and an appeal granted to the circuit court of Shelby county on the 11th, which was then perfected by the execution of an appeal bond, as required by law.

On the 9th, the day of the rendition of the judgment, an affidavit was filed by plaintiff, stating the fact that Trimble and Schade, "owners of steamboat Carl Schurz, were about to fraudulently dispose of or conceal or remove a certain sum of money belonging to said steamboat, in the German National Bank and elsewhere, to the damage of plaintiff's debt." Thereupon an execution was immediately issued, on which the officer, after ascertaining there was no personal property of the parties out of which to make the money, returned that he had summoned the German National Bank by garnishment, to answer what effects of the parties were in its possession, etc., as required by law. The bank, by its president, on the same day, to-wit, 9th of January, answered, that Schade and Trimble had $350 to their credit, and Schade the sum of $347 to his individual credit. Whereupon, the justice proceeded to render judgment against the German National Bank for the amount of his judgment

against Schade and Trimble. After this, as we have said, on the 11th of January, the appeal was prayed and perfected on the original judgment to the circuit court.

On trial in the circuit court, a judgment was had for the plaintiff against the original parties, somewhat different, however, from the one rendered by the justice. Thereupon judgment was then had, on motion of plaintiff, against the German National Bank, which, however, was subsequently set aside by the court, on motion of the German National Bank, to which action the plaintiff excepted. From the judgment of the court in the whole case, both the plaintiff and the defendant Schade have appealed, the judgment remaining in force against Trimble.

The first question presented in the record is, the propriety of the action of the circuit judge in setting aside the judgment against the garnished debtor of the defendant, the German National Bank. It is proper to say, that his Honor simply set aside the judgment, as he says, so far as the circuit court was concerned, leaving the question open as to whether the judgment remained on the facts in the case, which had been rendered by the justice on the garnishment against said bank.

It is insisted in argument, that judgment was improperly had against the bank, because the affidavit was insufficient on which it was issued *instanter* by the justice. The affidavit for this purpose, is required by the Code, secs. 3009 and 3011, to state, "that the defendant is about fraudulently to dispose of, conceal

or remove his property, to the endangering of the plaintiff's debt." . The affidavit in this case is .a substantial compliance with the requirement, and we think sufficient; at any rate, it could not be said, the execution was subject to anything more than the objection of irregularity, which the garnished party could take no advantage of, if the debtor made no objection. It certainly was not void process, and if the bank had paid money under it, the payment would have been good, the original judgment on which it was rendered remaining in force.

This brings us to the question, as to what shall be the effect of the appeal prayed and granted to the circuit court, on the judgment rendered against a party garnished, as in this case, against whom judgment has been rendered, he not appealing, but the original defendant appealing after the rendition of the judgment. The case is one not provided for by any statute. Code, sec. 3012, provides: "The issuance of executions, as given in the preceding sections, *instanter*, will not deprive the defendant of any right he otherwise would have had."

So we have the case where an execution was properly issued, a garnishment . properly had, judgment on the answer of the party properly rendered, and also, by virtue of the section quoted, and also under the provisions for an appeal, an appeal properly granted from the original judgment, after the judgment against the garnished debtor.

We do not think it was intended in such a case, that the garnished party should be compelled to him-

self appeal, and keep himself along all the stages of the proceeding *pari passu* with the original defendants in order to his protection.

The appeal, by our law, vacates the judgment, and the case stands for trial *de novo*, as if no judgment had been rendered by the justice. The appeal, then, must vacate the execution based on the judgment, as an execution can only exist when there is an existing judgment to be executed. The party can only be garnished on the basis of an unsatisfied execution, existent in the hands of the officer, in a case like this, as provided by sec. 3087 of the Code; and so it would seem to follow, that the execution being vacated by the vacation of the judgment as the result of the appeal, that all proceedings under the garnishment must likewise be vacated too. There is nothing left after the appeal on which they can rest, and so we think it must be adjudged. It would follow, that no judgment exists now against the bank, and none could have been properly had in the circuit court.

The creditor's claim may be somewhat imperiled by this result in a case like this, where it is a suit brought on an account, and the appealing party not required to give bond on the appeal for the debt. But on the facts alleged in the affidavit, he might probably always secure himself by ancillary attachment, and so this be obviated. Be this as it may, we see now no way to avoid the conclusion reached. The remedy, if any needed, is one for the Legislature.

The only other question in the case is, as to the liability of Schade for items in the account, amounting

to $31, furnished steamer Laura No. 2. The facts are, that this steamer had been owned by Schade, and he had procured her registration under the laws of the United States, in the office of the collector of customs at Memphis, so that on the register of this office he stood as owner. In fact, however, he had sold this boat to Trimble, and he had charge of her. On these facts, his Honor, the circuit judge, gave a judgment in favor of Schade, holding he was not liable for this part of the account. We understand the law to be, that the recording in a collector's office of a title to a vessel, does not supersede or interfere with the law of the State regulating the transfer of titles to such property. It has been so held in several cases, as in New York, *Etna Insurance Co.* v. *Aldrich et al.,* vol. 12, E. P. Smith's R., cited Am. Law Register, vol. 3, 570; see also *Veasie* v. *Somerly, id.,* p. 64, Massachusetts.

The boat being personal property, this being her home port, and her owners residing here, it was transferable as other personal property is transferable by our law, by sale and delivery, and such sale is valid and carries the title independent of any federal regulations as to registration.

We have no law or statute requiring registration of title to boats in order to complete or effectuate a transfer of the title on sale. It follows, his Honor decided this question correctly.

The result is, the judgment is affirmed.