Cannon *v.* Laman.

ROBERT CANNON *v.* JAMES LAMAN *et al.*

PLEADINGS AND PRACTICE. *Judgment. Statute of limitations.* If an execution issue upon a judgment more than ten years after its rendition, the same may be superseded and quashed, and the plaintiff in the execution will not be allowed, upon the motion to quash, to present an issue for the purpose of showing the case taken out of the statute of limitations. The issuance of an execution is not an *action* to revive a judgment.

FROM HAMILTON.

Appeal in error from the Circuit Court of Hamilton county. D. C. TREWHITT, J.

ELDER & ELDER for Cannon.

DODSON & MOON for Laman.

TURNEY, J., delivered the opinion of the court.

On the 13th of February, 1868, Cannon obtained judgment in the circuit court of Hamilton county against R. G. Ruston, —— Crowder and Laman for $317.50. Several executions issued, commencing in March, 1868, on which payments were made, reducing the judgment to about $85.

On the 21st of June, 1880, an execution issued and was levied upon the property of Laman, who filed a petition for *supersedeas*, on the ground that the judgment was barred by the statute of limitations of ten years, as provided by the Code, sec. 2776.

33—VOL. 7.

Motion to dismiss was overruled. The plaintiff proposed to plead and prove promises to pay within ten years, which was refused. The court quashed the execution.

In the case of *McGrew* v. *Reasons*, 3 Lea, 486, the question here was not involved, therefore the language employed in the argument of the judge delivering the opinion, on a supposititious case, though it may seem to pass upon this question, is not an adjudication.

The judgment being barred is merely evidence of debt upon which an action may be brought either by *sci. fa.* to revive, or in debt or assumpsit to recover the amount evidenced by it, to which pleas and replications may be used to make an issue involving the existence of the debt, the right to revive, and the effect of promises made within the time of the bar. An execution is not, in legal contemplation, an action, but the result of one. It cannot be made to perform the office of a writ, or summons, or declaration, and therefore cannot be traversed. It is awarded by the judgment, which must be alive. The law limits the life of the judgment to ten years. At the end of that period it must, in some form tendering an issue, be revived by a new judgment. If a new promise has been made, then the old judgment may be the basis upon which the promise may be available in a proceeding to obtain a new judgment, the old one being merely evidence of debt.

Affirmed.

FREEMAN, J., delivered the following dissenting opinion:

The case is a *certiorari* and *supersedeas* to quash an execution on a judgment, because the statute of limitations of ten years had barred the enforcement of the judgment.   It is suggested that the reasoning in the case of *McGrew* v. *Reasons,* 3 Lea, is somehow erroneous, especially in assuming that the issue of an execution was to be treated as the equivalent of an action on the judgment.   As a matter of course, it was not assumed that the issuance of an execution was the commencement of a suit by writ or summons; on the contrary, the case was simply one where an execution had been issued on a judgment.   The writer of that opinion certainly knew that an execution was not such a suit as is referred to in Judge Turney's opinion, and did not so assume, but did assume it was to be treated as an action or its equivalent for the purposes of that proceeding.   The reasoning was, that the statute clearly provided ten years as a bar to domestic as well as foreign judgments; that the statute would be rendered practically useless if it could only be used as a bar when a suit in form was brought on a judgment, as no party would ever sue on a judgment after ten years, with the certainty that the statute would bar the action.   He would simply issue an execution, when he would be met alone by the presumption of payment from lapse of time after sixteen years.   This presumption could always be rebutted, the plaintiff being competent as a witness, when both parties are alive.   The judgment would always be re-

Cannon *v.* Laman.

covered on, as he would prove it not paid; possibly, in most cases, the defendant would prove the same thing. So in fact, under this view, there would be no statute of limitations on judgments of this State. The sole question would be whether the judgment had in fact been paid—a defense that could always, without the statute, have been interposed successfully, if true and proven. It was therefore argued that the issuance of execution for the enforcement of the judgment after ten years, should be treated as such action on the judgment as entitled the defendant to interpose the bar of the statute, and this remedy might be had, by *certiorari* and *supersedeas* to qash. This conclusion, assented to then by the whole court, is now recognized as correct, and the opinion of my brother Turney goes on this view.

The question, however, is now presented in addition, whether, to avoid the effect of the statute, the plaintiff may reply, a new promise made within the ten years. The opinion holds this cannot be done. I hold it ought to be allowed.

Why a fact avoiding the effect of the statute may not be pleaded and proved on the motion to quash, because barred by the statute of limitations, I am unable to see. If it would be a good reply in a suit on the judgment, why it should not be in this case is not perceived. You allow it quashed because barred by the statute, and so enter your judgment. Will not this judgment be an adjudication establishing the bar when a suit is brought on the original judgment? But why should there be two suits in which

the bar of the statute is to be contested? I am unable to see any reason for such ruling, unless it be on the principle that a technical logic seems to require it, and an increase of litigation and consequent expense be deemed a desirable policy. The reply is legitimate, as precisely meeting the issue tendered—that is, that the judgment is barred. On the theory of the majority opinion, the fact of the bar cannot be contested if the time has elapsed, and the execution must always be quashed, with no chance to meet the defense. However, the party may take the circuitous course of suing again on the judgment, where the reply may be made of a new promise, and then he gets the benefit of it—only he has to pay the expenses of a new litigation from a writ to a judgment in order to get a legal right. This may be good law, but not good policy in my judgment, nor sustained by any sound principle.

For these reasons, as well as others that might be given, I dissent from the majority opinion.