241 S.W.2d 587 (1951)
SHEPARD et al.
v.
LANIER et al.
Supreme Court of Tennessee.
March 9, 1951.
On Petition to Rehear June 16, 1951.
*589 Thomas F. Turley, Jr., Memphis, for appellants.
W. Curtis Pope, W. C. Rodgers, Memphis, for appellees.
BURNETT, Justice.
The question here presented and its factual background is well stated by the Court of Appeals as follows:
"This appeal presents a question of when the cause of action on a judgment accrues within the meaning of Code Section 8601, providing that `actions * * * on judgments and decrees of courts of record of this or any other State or government * * shall be commenced within ten years after the cause of action accrued.'
"The present suit is on a judgment in favor of the present complainant, L.E. Lanier against the present defendants, Shepard and Jones, individually and as partners, entered on February 2, 1939 in the Circuit Court of Shelby County. The defendants in that action appealed in error to this Court, where the judgment of the Circuit Court was affirmed on October 13, 1939. Upon affirmance a new judgment was entered in this Court, which in substance and effect incorporated the judgment entered in the Circuit Court, awarding the plaintiffs in that suit a recovery against the defendants in the principle sum of $7,500.00, and interest for which an execution was ordered to be issued.
"A petition for certiorari, filed November 22, 1939, whereby it was sought to have the judgment of this Court reviewed by the Supreme Court, was denied February 3, 1940. The present suit based on the judgment in the tort action was instituted on October 10, 1949.
"It will be observed that the present suit was brought within ten years of the entry of the judgment in this Court, affirming the judgment of the lower court, but not within ten years of the date on which the judgment of the lower court was entered. The Chancellor held that the statute had not run at the time the present suit was instituted and the defendants appealed. Their basic contentions are: (1) that the complainants' cause of action accrued upon the rendition of the circuit court judgment on February 2, 1939; and (2) that the judgment of affirmance in this Court is not, irrespective of its form, an independent judgment of recovery, but a pronouncement that the judgment of the circuit court was right and should remain in force; that therefore, complainants cannot proceed as they seek to do here upon the judgment of affirmance, but if they can proceed at all, they must do so upon the judgment of the lower court.
"The courts seem to be divided on this question, and the allied question of whether, where no appeal is prayed, the statute begins to run from the date the judgment is entered, or from the expiration of the time within which an appeal might have been taken. These matters are regulated in the several states by statute and the divergence of opinion seems to be due in large measure to the difference in the applicable statutory provisions. However, the courts of California and Utah have reached opposite conclusions in construing statutes identical in terms. The latter hold that a judgment becomes final so as to start the running of the statute against an action thereon from the time it was rendered where no appeal was taken and not from the expiration of six months within which an appeal might have been taken under the statute of that state. *590 Sweetser v. Fox, 43 Utah 40, 134 P. 599, 47 L.R.A., N.S., 145, Ann. Cas. 1916-C, 620, and note. The Court in that case expressly repudiates the contrary conclusion reached by the California court.
"The Montana court supports in principle the view prevailing in Utah. It is there held that under the statutes of that state the running of the statute of limitations is not suspended by an appeal with supersedeas. State of Montana v. Hart Refineries, 109 Mont. 140, 92 P.2d 766, 123 A.L.R. 555, and note. The theory of this view is that since the statute of that state does not in express terms create an exception, and there being none, the court would not create one. In this connection, it is said:
"`No doubt, if an action is brought to renew a judgment where an appeal from the judgment is pending, the matter should be set up by a plea in suspension or abatement. This would not defeat the action, but merely suspend the proceeding until disposition of the appeal.'"
Insofar as we have been able to ascertain, this question has never been determined by the Courts of this State. The question presented is indeed an interesting, intriguing and an important one. The Chancellor held that the statute had not run at the time the present suit was instituted. In this holding he was affirmed by the Court of Appeals because that court thought that the statute was tolled during the pendency of the appeal from the circuit court to that court. The reasoning largely back of this holding was that since the judgment of the circuit court could not be plead as an estoppel to a suit on it or as res adjudicata, Railroad v. Brigman, 95 Tenn. 624, 629, 32 S.W.2d 762, that therefore a suit could not be maintained on the judgment of the circuit court pending its appeal and thus the statute of limitations did not run until this appeal was finally determined. The defendants, Shepard, et al., against whom the judgment of the Chancellor and the Court of Appeals was rendered, have filed a petition for certiorari, seeking review of the record and reversal of the judgment of the Court of Appeals. We, after due consideration have granted said petition, have heard argument and the case is before us for disposition.
In this jurisdiction, the right of an appeal in the nature of a writ of error is allowed by Code, Section 9061. The remedy operates as a writ of error and supersedeas at common law. Thomasson v. Kercheval, 29 Tenn. 322. It does not annul or abrogate the judgment of the lower court as does a simple appeal from the decree in equity, but only suspends it. Jones v. Ducktown Sulphur, Copper & Iron Co., 109 Tenn. 375, 71 S.W. 821; Dodd & Son v. Nashville, C. & St. L. Railroad Co., 120 Tenn. 440, 110 S.W. 588; Fort v. Fort, 118 Tenn. 103, 101 S.W. 433, 11 Ann. Cas. 964. In the Court of Appeals "a new judgment is always rendered by this Court upon the affirmance of the judgment of an inferior court brought up by an appeal in the nature of a writ of error, or by writ of error. It is a mere renewal or continuance of the old judgment. And it has never been supposed that a lien, which is expressly saved by an affirmance, would be effected by a form of entry. The form of entry upon the dismissal of the supersedeas cannot have any greater effect. It was discretionary with the lower court to dismiss the supersedeas, and leave the original judgment in force, or to render a new judgment in affirmance of the old. The lien would be saved by the statute in either case." Lincoln Sav. Bank v. Ewing, 80 Tenn. 598, 605.
Ordinarily and usually a judgment becomes actionable at the time of its rendition and entry. Sweetser v. Fox, 43 Utah 40, 134 P. 599, Ann.Cas. 1916-C, 625. A judgment is rendered when ordered or pronounced by the court. Southern Mortgage Guaranty Corp. v. King, 168 Tenn. 309, 77 S.W.2d 810.
It seems rather clear to us that since the affirmance of the judgment of the circuit court by the Court of Appeals "is a mere renewal or continuance of the old judgment" that then when this judgment is affirmed the rights of the parties revert to the entry of the judgment in the circuit court. It is then, that is, upon the entry of *591 the judgment in the circuit cour, that the cause of action on behalf of the plaintiff accrues and not upon its affirmance in the Court of Appeals. The judgment meantime is merely suspended or superseded pending its affirmance. When the instant plaintiffs secured their judgment in the circuit court they then had a lien upon the debtor's land in the County of the rendition of that judgment. Code Section 8043. This lien was required to be enforced in conformity with Code Section 8045 within twelve months but where cases were appealed, as this case was, the legislature soon saw that it was necessary to provide a tolling of this Statute of one year within which to perfect this lien given by the judgment just referred to. Consequently the legislature passed two different Acts, Chapter 90 of 1831, and Chapter 21 of 1885, a tolling statute for Code Section 8045 (the one year for perfecting the lien) which is carried in the Code as Section 8046. As a result of this tolling Statute, this Court has many times held that in the case of appeal in the nature of a writ of error as here, where other statutory steps were taken, that the lien was not lost and could be perfected within one year after the appeal was dismissed or the judgment below affirmed. See Brinkley v. Welch, 75 Tenn. 278; Lincoln Sav. Bank v. Ewing, 80 Tenn. 598 and other cases. It is, therefore, obvious by the sections of the Code just above referred to that the rights of the parties accrued upon the rendition of the judgment in the circuit court. In one or more of the cases last above referred to this very point is very forcefully brought out. The judgments in one or two of these cases were rendered during the pendency of an appeal and the person securing the second judgment, while the appeal was pending, attempted to assert the second judgment as prior to the first because the necessary proceeding had not been taken within the year to assert the lien. The Court though very properly held that the legislature had passed these tolling Statutes which protected the person who first obtained the lien. Therefore, the one obtaining the lien in the first instance in the circuit court would prevail. See Brinkley v. Welch, supra; Lincoln Sav. Bank v. Ewing, supra.
In other words, a judgment which is a lien dates from its rendition and the cause of action thereon accrues at the time of the rendition of the judgment in the circuit court and not the Court of Appeals. It appears to us that we must view the question in the retrospect. We are viewing the question now after the Court of Appeals has affirmed this judgment. After the affirmance of the judgment the rights of the plaintiff in that judgment accrued upon the rendition of the judgment in the circuit court. This being true it certainly seems to us that the meaning of the legislature when they fixed this ten year Statute of Limitations, Code, Section 8601, and said that the cause "shall be commenced within ten years after the cause of action accrued" that they meant from the time that the plaintiff had a right. They certainly, viewing it in retrospect, had a right at the time of the rendition of the judgment in the circuit court.
In enacting this ten year limitation statute, Code Section 8601, the legislature did not provide any tolling, either in this statute or any other statute, insofar as we can determine. "The statutes of limitations are looked upon by the courts with favor as statutes of repose." City of Knoxville v. Gervin, 169 Tenn. 532, 542, 89 S.W.2d 348, 352, 103 A.L.R. 877. It seems to us that if the legislature had seen fit to provide for a tolling period for the statute of limitations they would have, and they certainly could have, passed some kind of a tolling act as is now carried in the Code under Section 8046 hereinabove referred to as a tolling act on the one year lien statute. The statute of limitations involved in the present case allows ten years from the time the cause of action accrues. Apparently the legislature considered this a sufficient length of time for an action to be brought on the judgment as originally rendered. Under our practice and under other provisions of the Code it is a very simple matter to renew this judgment before the ten years expires by either the suit on the judgment or by scire facias. Looking at the matter from this viewpoint and from the fact that *592 it certainly seems that this is ample time and ample means have been taken by the legislature to preserve a judgment in force we cannot see any reason why the court should engraft on this statute a tolling period. To do so would to our minds be judicial legislation.
Mr. Freeman in his excellent work on Judgments, Vol. 2, 5th Edition, Section 722, page 1528, said: "But if the appeal is in the nature of a writ of error, conferring power on the appellate court to determine such errors as may have occurred at the trial or in the decision of the cause, and giving the court, upon such determination, no other authority than that of reversing, modifying, or affirming the judgment of the inferior court and of remitting the case back to the tribunal whence it came, that such tribunal may conform its judgments and proceedings to the views of its superior, then the judgment appealed from does not, until vacated or reversed, cease to operate as a merger and a bar."
Even if the judgment of the circuit court which had been appealed was not an absolute bar to another proceeding in the same cause the court when properly apprised of the fact that a judgment had been rendered on the same facts between the same parties, and was now in the appellate court, would suspend any further action in that court until there was a final determination by the appellate court of the matter. In other words a judgment of the circuit court could be used for this purpose at least.
The Court of Appeals in part placed its decree in the present suit on its reasoning that the suit on the judgment and an execution on the judgment of the Court of Appeals should be considered from the same viewpoint. In reference to this Mr. Freeman in the volume and edition last above referred to at page 2231 said: "However, enforcement of a judgment by execution and by action cannot properly be placed upon the same basis since they are different both in theory and results. Enforcement by execution is wholly contingent upon the final outcome of the case in the event of an appeal, while enforcement by action, if permitted, would be wholly independent of such outcome except as the pendency of an appeal might be ground for a stay or continuance, or as a reversal might be ground for a new trial."
We think this statement absolutely correct and applicable to the present situation.
As a matter of interest and help in deciding the present case and from an academic standpoint we have reviewed cases from many jurisdictions. All of these are interesting. The cases though are not in harmony by any means. Many of them are controlled by the statutes of the particular State or the interpretation that the court puts on that statute and none of them so far as we can determine are controlling in the instant case because of the different form of practice and statutory set up in this jurisdiction. The case of Sweetser v. Fox, 43 Utah 40, 134 P. 599; Ann. Cas. 1916-C, 145, and that of State of Montana v. Hart Refineries, 109 Mont. 140, 92 P.2d 766, 123 A.L.R. 555, are two of the leading cases on the question. To each of these cases is an annotation on the question involved. It just so happens that both of the cases referred to hold that the statute starts to run from its entry and rendition in the lower court. The California court takes a diametrically opposite viewpoint from that taken by the Utah court under an identical statute. As a matter of interest these two citations would be sufficient to refer the reader to other cases on the question. We have examined many, many other cases and find that almost without exception basically they are governed by some statute of the particular state in which the case is decided. True, there are one or two cases applying the principle of judicial legislation so to speak, in allowing a tolling of the statute during the pendency of the appeal on the equitable reasoning that the legislature intended to allow the number of years allowed in that particular state from the finality of the judgment and not from the time it became a fixed right subject only to be reversed by appeal.
This Court has held, speaking through, LURTON, Judge, that in a suit to vacate satisfaction of a judgment and to recover a new judgment thereon is barred if not commenced *593 within ten years from the date of the original judgment. Ballard v. Scruggs, 90 Tenn. 585, 18 S.W. 259.
This Court in Smith v. Holmes, 59 Tenn. 466, had under consideration the present Code Section 8046, before it was amended in 1885. At that time there was no provision in the tolling clause for a simple appeal. This court held that where there was a simple appeal that the cause then came up to be heard de novo and the lien secured by the judgment below was lost because the statute, as then written, did not have a saving clause as to a simple appeal. The Court said: "We may think also that the same policy which regards a writ of error or appeal in error as such legal obstruction, ought to regard a simple appeal as equally such an obstruction. But the Legislature has not chosen to include a simple appeal among the obstructions specially designated, and we know of no rule of construction by which we can supply what may seem to us an omission without any apparent reason therefor. We must either include a simple appeal within the reason of the policy of the law by judicial construction, tantamount to judicial legislation, or overturn a long line of adjudications which hold that simple appeal vacates and annuls the judgment or decree appealed from."
This is further fortification for our conclusion that since the legislature has not enacted a tolling period to or separately from the Statute of Limitations herein involved, Section 8601, that then under an established policy of this Court we should not so legislate but leave such matter up to the legislature entirely.
For the reasons above expressed it is our conclusion after a very thorough investigation, and much thought and study, that the Statute of Limitations involved runs from the time of the entry of the judgment in the circuit court and that when appealed and affirmed by the Court of Appeals that this time does not toll the Statute. It results therefore that the judgment of the lower courts will be reversed and the plea of the Statute of Limitations sustained.

On Petition to Rehear.
The petitioners (complainants below) have filed an able, dignified and courteous petition to rehear. We have given this petition very careful consideration and have read, and in some instances re-read, all the authorities cited in the petition as we did on the original briefs filed before the case was heard by us at Nashville. This case has received an unusual amount of consideration by each member of this Court. After the case was argued in Nashville, an opinion which was eventually handed down as the opinion of the Court was prepared and submitted to each member of the Court along with a copy of the opinion of the Court of Appeals on the question. The Court and each member thereof had these two opinions for some four or five weeks prior to our conference thereon. It was after each member of this Court had thus had ample opportunity and had compared the respective views of the Court of Appeals and this Court that the opinion of this Court was handed down.
Our opinion was and is that the Statute of Limitations starts its course against a judgment at law when that judgment is rendered in the court of original jurisdiction and not from the time that it is affirmed by the Court of Appeals. In reaching this conclusion we, as a matter of argument, cited other Statutes and holdings thereon. The question presented by this case seems to us to be analogous with the question presented in those cases which we cited, that is, that the question here is whether or not the Legislature has provided a tolling period for this Statute of Limitations pending the time the judgment is appealed when the judgment rendered by the Court of Appeals is a mere affirmance of the judgment below  the judgment below not being abrogated but merely being suspended pending the appeal. It is to this reasoning and holding that the present petition to rehear is filed. After very carefully considering, as heretofore said, this petition and the authorities cited therein, we are more convinced *594 than ever that our original conclusion was and is correct.
Code Section 8595 is the Section governing the Statute of Limitations on personal injuries. This Section provides that the action for personal injuries shall be brought "within one year after cause of action accrued." This Court held in Whaley v. Catlett, 103 Tenn. 347, 53 S.W. 131, 133, that "after much discussion, deliberation, and consideration, that the right of action accrued the moment the injury was done, and this even if the party was instantly killed, and was, under the general statute, barred within one year from that time." The present suit, that is, the suit on the common law judgment, is merely a suit on a debt. The judgment rendered in the Circuit Court was never abrogated, it was merely held in suspense during the appeal. It therefore seems to us unquestionably that the rights of the party securing this judgment accrued when they received the judgment, that is, when the judgment was rendered originally in the Circuit Court. The Annotators to the Code Section 8601, the section here involved say: "The suit upon a judgment to recover a new judgment must be brought within ten years from its rendition, and if the suit is not brought within that time, the only remedy thereafter is by scire facias to revive the judgment, to which the defendant may plead and rely upon the ten-year statute." Citing authorities.
It cannot be successfully challenged that the Circuit Court would have had a right to issue execution on the judgment immediately upon it being rendered and before the 30 days or the adjournment of court upon a proper showing for the issue of such execution by the plaintiffs. Code Section 8872 et seq. Suppose then that in this judgment the plaintiffs had made a proper showing and had immediate execution and then while that execution was out it had been appealed. This appeal would not relieve anything caught under this execution. If the matter was challenged it certainly would merely be stayed pending the outcome of the appeal. Such a situation actually happened in Karr v. Schade, 75 Tenn. 294, 295. This was a judgment before a justice of the peace where an instanter execution was issued before the time for appeal was up and on this instanter execution certain money was caught by garnishment. Then the justice of the peace's judgment was appealed. The holding of the case, of course, is that upon the appeal of the justice of the peace's judgment the judgment was vacated and annulled because on appeal the matter came up for trial de novo. The judgment in the case now before the Court is not abrogated but is merely suspended and would present an entirely different proposition. We merely cite the case as one showing that such a situation might and does happen. The appeals in the justice of the peace case and in the judgment rendered in the Circuit Court though are entirely diffierent. When we view the matter from the standpoint that a defendant if he was of a mind to do so might without any thought of ever profiting or reversing the lower court, appeal on a pauper's oath and thus avoid the effect of the judgment rendered against him in the Circuit Court if this judgment did not amount to something at the time that it was rendered. In other words, the judgment then created the cause of action.
By authority of Code Section 10358 a creditor may file a bill in Chancery for himself and others to set aside fraudulent conveyances without having obtained a judgment at law. A fortiori a judgment creditor would have an equal right to file a bill based upon his Circuit Court judgment provided the debtor had made fraudulent conveyances to dispose of his property to defeat this judgment. We say this and cite this Section because it is another reason of why we think that the judgment creditor in the Circuit Court has a cause of action from the time of the rendition of his judgment there. His right and suit to set aside fraudulent conveyances is based upon his judgment that he received in the law court. It is through this that he becomes a creditor. This being true certainly the cause of action accrued at the *595 time that he received the judgment. As we have heretofore said of course such an action on proper pleadings would and should be stayed pending the outcome of the appeal of the law judgment because it is on this judgment that the plaintiff in the Chancery suit becomes a creditor and which is the basis for his suit against fraudulent conveyances.
The Case of Epperson v. Robertson, 91 Tenn. 407, 19 S.W. 230, 232, is cited as authority for the present petitioner. This case though is not in point because in the first place that was a Chancery proceeding and the decree attempted to be filed there or wherein the 10 year Statute was plead to was not a final decree because the things to be done under that decree had not been carried out, that is, the land ordered to be sold had not been sold. A Chancery judgment presents an entirely different question from a law judgment. Then too, the facts in the Epperson case, supra, would negative it being applicable to the question involved in the instant case. As the court said the delay in the Epperson case was "at his own request, and for his own benefit" and therefore he could not take advantage of something that he had brought about himself.
As we said in our original opinion, "The Court of Appeals in part placed its decree in the present suit on its reasoning that the suit on the judgment and an execution on the judgment of the Court of Appeals should be considered from the same viewpoint". The Court of Appeals in thus basing its judgment and reasoning based that on the holding of this Court in McGrew v. Reasons, 1879, 71 Tenn. 485, wherein the Court said: "An execution after the 10 years is an action on said judgment".
This Court consisting of the same personnel as it consisted of when the opinion in McGrew v. Reasons, supra, was written had an opportunity and did a few years thereafter comment on its opinion in McGrew v. Reasons supra. The Court said that:
"The language employed in the argument of the judge delivering the opinion, on a supposititious case, though it may seem to pass upon this question, is not an adjudication."
"The judgment being barred is merely evidence of debt upon which an action may be brought either by sci. fa. to revive, or in debt or assumpsit to recover the amount evidenced by it, to which pleas and replications may be used to make an issue involving the existence of the debt, the right to revive, and the effect of promises made within the time of the bar. An execution is not, in legal contemplation, an action, but the result of one. It cannot be made to perform the office of a writ, or summons, or declaration, and therefore cannot be traversed. It is awarded by the judgment, which must be allowed. The law limits the life of the judgment to 10 years." (Emphasis ours.) Cannon v. Laman, 75 Tenn. 513. The judge who delivered the opinion in the McGrew case, supra, dissented to the opinion in Cannon v. Laman, supra, which was delivered by Judge Turney.
After much thought and deliberation we are constrained to overrule this petition to rehear.