IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 8, 2013


HILDA PORTER, Administratix of the Estate of LOUELLA MAY SPARKS
v. LARRY MELTON


Direct Appeal from the Circuit Court for Henderson County
No. 85-452      Roy B. Morgan, Judge

---

No. W2012-01976-COA-R3-CV - Filed February 5, 2013

---

Plaintiff was awarded a $100,000 judgment against Defendant in the trial court.  In a prior appeal, this Court reversed the damage award, and remanded for a new trial.  On remand, the parties entered into an Agreed Order for a $100,000 judgment in favor of Plaintiff.  Ten years after entry of the Agreed Order, Plaintiff moved to renew the unsatisfied judgment, and Defendant claimed that the renewal motion was untimely.  The trial court granted the motion to renew the judgment, and we affirm.


Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Larry Melton, Lexington, Tennessee, *pro se*

Vincent K. Seiler, Jackson, Tennessee, for the appellee, Hilda Porter, Administratrix of the Estate of Louella May Sparks

## I. FACTS & PROCEDURAL HISTORY

On October 21, 1984, Louella Mae Sparks was struck and killed by a car driven by Appellee, Larry Melton.[2] Appellant Hilda Porter, as administratrix of Ms. Sparks' estate, brought a wrongful death action in the Henderson County Circuit Court on behalf of Ms. Sparks' four minor children, seeking compensatory and punitive damages against Mr. Melton. Following a trial in 1989, a jury awarded Ms. Porter $100,000 in compensatory damages but it awarded her no punitive damages. An "Order of Judgment" on the jury verdict was entered on August 21, 1990, and Ms. Porter timely appealed to this Court.

In the 1990 appeal, Ms. Porter pointed out that Mr. Melton had failed to respond to her second set of Requests for Admission, and she argued that the trial court had erred in overruling her motion to have the allegations contained therein deemed as admitted. This Court agreed, finding that the "motion should have been granted by the trial court and the facts admitted in the Request for Admissions conclusively established for the purpose of this lawsuit." *Porter v. Melton*, No. 02A01-9107-CV-00125, 1992 WL 29821 at *4 (Tenn. Ct. App. W.S. Feb. 21, 1992) *perm. app. denied* (Tenn. Apr. 27, 1992). Because we concluded that the error had substantially prejudiced Ms. Porter, we remanded the case for a new trial wherein the facts admitted in the second set of Requests were to be given their conclusive effect. *Id.* Ultimately, we held, "The judgment of the trial court is reversed and the cause is remanded for a new trial on the issue of damages." *Id.*

A second trial on remand was never concluded,[3] and, on March 7, 2002, an "Agreed Order" was entered, which provided as follows:

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee states:
This Court, with the concurrence of all judges participating in the case, may affirm, reverse

or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]Mr. Melton pled guilty to vehicular homicide. *Porter v. Melton*, No. 02A01-9107-CV-00125, 1992 WL 29821 at *1 (Tenn. Ct. App. W.S. Feb. 21, 1992) *perm. app. denied* (Tenn. Apr. 27, 1992).

[3]The proceedings on remand are unclear. Ms. Porter's brief to this Court states that the Agreed Order was entered "during the course of the second trial after remand[.]" However, Mr. Melton's brief implies that no actions were taken between this Court's decision in 1992 and the entry of the Agreed Order in 2002.

This matter came before the Court by agreement of the parties that a judgment in the amount of $100,000.00 for compensatory damages based upon the Court of Appeals opinion ruling in this case by the Western Section of the Court of Appeals . . . filed on or about February 21ˢᵗ, 1992, wherein the facts admitted in the second set of requests are given their full conclusive effect and these admitted facts conclusively establish that the defendant, Larry Melton, acted with gross negligence in causing the death of Louella Mae Sparks. The parties are acknowledging that no punitive damages shall be awarded.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the plaintiff, Hilda L. Porter, Administratrix [of the] Estate of Louella Mae Sparks be awarded a judgment in the amount of $100,000.00 against the defendant, Larry Melton.

Ten years later, on March 7, 2012, Ms. Porter filed a "Motion to Renew Judgment," seeking to extend the March 7, 2002 Agreed Order for an additional ten years, and the trial court issued an "Order Requiring Debtor to Show Cause Why Judgment Should Not be Extended."[4] Mr. Melton, acting *pro se*, responded by arguing, among other things, that Ms. Porter's renewal motion was untimely because it was filed more than ten years after the August 21, 1990 Order of Judgment on the jury verdict. In a supplemental response, Mr. Melton also argued that the renewal motion was untimely because the March 7, 2002 Agreed Order was a *contract*–as a opposed to a *judgment*–and therefore, that the six-year statute of limitations for the enforcement of contracts applied. Thus, he argued that the Agreed Order was required to be enforced by March 7, 2008.

Following a hearing, the trial court entered an order renewing the March 7, 2002 Agreed Order. Specifically, the trial court rejected Mr. Melton's argument that the ten-year period for judgment renewal should be calculated from the August 21, 1990 entry of the Order of Judgment on the jury verdict. The court reasoned that when this Court "reversed the first judgment, it was no longer a final judgment subject to execution," and therefore, that the ten-year period should be calculated from the entry of the March 7, 2002 Agreed Order. The trial court likewise rejected Mr. Melton's argument that the six-year period for the enforcement of contracts applied, necessitating renewal of the Agreed Order by March 7,

_____

[4]Tennessee Rule of Civil Procedure 69.04 provides:
Within ten years from entry of a judgment, the judgment creditor whose judgment remains unsatisfied may move the court for an order requiring the judgment debtor to show cause why the judgment should not be extended for an additional ten years. . . . If sufficient cause is not shown within thirty days of mailing, another order shall be entered extending the judgment for an additional ten years. The same procedure can be repeated within any additional ten-year period until the judgment is satisfied.

2008. Mr. Melton timely appealed to this Court.

## II. ISSUES PRESENTED

On appeal, Mr. Melton argues that the trial court erred in granting Ms. Porter's March 7, 2012 Motion to Renew Judgment. He argues, in the alternative, that her motion was untimely because it was filed: (1) more than six years after the March 7, 2002 Agreed Order; (2) more than ten years after the August 21, 1990 Order of Judgment; or (3) more than ten years after the February 21, 1992 decision of this Court in *Porter v. Melton*, No. 02A01-9107-CV-00125, 1992 WL 29821 at *1 (Tenn. Ct. App. W.S. Feb. 21, 1992) *perm. app. denied* (Tenn. Apr. 27, 1992)).[5] For the following reasons, we affirm the decision of the circuit court.

## III. STANDARD OF REVIEW

This appeal raises only questions of law. Thus, our review is *de novo* without a presumption of correctness. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993) (citing *Estate of Adkins v. White Consol. Indus., Inc.*, 788 S.W.2d 815, 817 (Tenn. Ct. App. 1989)).

## IV. DISCUSSION

### A. Applicability of Six-Year Enforcement Period

"[A]bsent an agreement to the contrary, any aggrieved party has *six years* to sue for the enforcement of a contract." **Smith v. Allstate Ins. Co.**, Shelby Equity No. 34, No. 92364-Q, 1987 WL 30150, at *1 (Tenn. Ct. App. Dec. 30, 1987) *perm. app. denied* (Tenn. Mar. 28, 1988) (emphasis added); *see also* Tenn. Code Ann. § 28-3-109. Actions on judgments, however, must only be commenced within *ten years* following accrual of the cause of action. Tenn. Code Ann. § 28-3-110(2). An unsatisfied judgment may be renewed "[w]ithin ten years from entry of a judgment," or within any previously extended ten-year period. Tenn. R. Civ. P. 69.04.

On appeal, Mr. Melton first contends that the March 7, 2002 Agreed Order is a *contract*–as opposed to a *judgment*–and therefore that Ms. Porter was required to enforce

---

[5]It does not appear that Mr. Melton alleged February 21, 1992 as the operative judgment date in the trial court. However, because the issue is inextricably linked to the issues tried and appealed, we will consider whether this is the appropriate date on which the enforcement period commenced.

such by March 7, 2008. Mr. Melton argues that the Agreed Order was "simply a[] contractual [settlement] agreement ro revert to the original judgment of the jury award," which he maintains is enforceable as a contract and is governed by contract law.

In support of his argument that the Agreed Order is a contract, Mr. Melton points out that, along with the judge, both parties executed the Agreed Order. He claims that "[a] decree of a court of record that was intended to be a[n] order of final judgment from which any time so calculated by the court shall commence does not require that the parties, individually and personally, make acknowledg[]ments of the terms of [the] agreement within the order when all parties are represented by legal counsel before the court." As further purported evidence of the parties' intention that the Agreed Order operate as a contract, Mr. Melton notes that the order did not assess costs against either party, and he claims that "[a] decree of a court of record that was intended to be a[n] order of final judgment from which any time so calculated by the court shall commence would most certainly [have] contained an assessment of all [of] the cost[s] against one or all of the parties[.]"

Mr. Melton is correct that "[a] compromise and settlement agreement is [] a contract between parties to litigation and, as such, issues of enforceability of a settlement agreement are governed by contract law." ***Environ. Abatement, Inc. v. Astrum R.E. Corp.***, 27 S.W.3d 530, 539 (Tenn. Ct. App. 2000) (holding that the trial court could not enter a consent decree after learning that one party had withdrawn its consent) (citing *Sweeten v. Trade Envelopes*, 938 S.W.2d 383, 385 (Tenn. 1996)). However, "[a] compromise is the law between the parties and a judicially-entered settlement agreement that becomes part of the stipulation that ends the litigation has the force and effect of a judicial decree." ***Love v. Woods***, No. E2009-02385-COA-R3-CV, 2010 WL 4366072, at *5 (Tenn. Ct. App. Nov. 4, 2010) (quoting 15A C.J.S. *Compromise & Settlement* § 33 (2002)). Once the settlement agreement receives judicial approval–assuming that contract law requirements have been met–the settlement agreement becomes the judgment of the court. ***See Moxham v. Crafton***, No. M2000-00803-COA-R3-CV, 2001 WL 468669, at *6 (Tenn. Ct. App. May 4, 2001) ("We note that a settlement agreement signed by all the parties may be enforceable like other contracts, but it does not become the judgment of the court until it receives the approval of the trial judge."); *see also In re Estate of Creswell*, 238 S.W.3d 263, 268 (Tenn. Ct. App. 2007) (noting that "if the terms of a settlement are announced to the court or memorialized in a signed, enforceable contract, a *judgment may be entered thereon*, even if one party later repudiates") (emphasis added); *Environ. Abatement, Inc.*, 27 S.W.3d at 539 (holding that a court "may not enter *judgment*" on a compromise agreement where it has notice that a party no longer consents to the agreement) (emphasis added). Accordingly, we find that the ten-year judgment renewal period is applicable in this case, and we find no merit in Mr. Melton's argument that the Agreed Order was subject to the six-year enforcement period applicable to contracts.

### B. Commencement of Ten-Year Renewal Period

Having determined that Ms. Porter was entitled to ten years in which to renew her judgment, we must next determine from which "judgment," and thus, from which date, the ten year period began to run. Again, on appeal, Mr. Melton argues that the ten year period commenced on either: (1) August 21, 1990 when the Order of Judgment on the jury verdict was entered; or (2) February 21, 1992 when this Court's opinion reversing the Order of Judgment was entered. Thus, he maintains that, by either date, Ms. Porter's March 7, 2012 Motion to Renew Judgment was untimely. Ms. Porter contends, however, and the trial court found, that the ten-year period began to run when the Agreed Order was entered on March 7, 2002.

On appeal, Mr. Melton argues that the March 7, 2002 Agreed Order merely "reiterate[d] the same substantive rights and obligations which had been plainly and properly settled with finality in the original judgment entered on August 21, 1990[,]" and therefore, he claims, that the relevant judgment–from which the ten-year renewal period is calculated–is the August 21, 1990 Order of Judgment on the jury verdict. Essentially, he contends that because both the August 21, 1990 Order of Judgment and the March 7, 2002 Agreed Order resulted in a $100,000 award to Ms. Porter, that the earlier date controls. He cites several cases–many from other jurisdictions–which he claims support his theory; however, we find these cases are readily distinguishable.

In *Shepard v. Lanier*, 241 S.W.2d 587, 611 (Tenn. 1951), relied upon by Mr. Melton, our Supreme Court considered whether a February 2, 1939 circuit court judgment or an October 13, 1939 Court of Appeals judgment, which affirmed the circuit court's decision, operated as the judgment from which the ten-year period for instituting an action on a judgment commenced. The Court held that plaintiff's cause of action accrued upon entry of the circuit court judgment "and not upon its *affirmance* in the Court of Appeals." *Id.* at 590-91 (emphasis added). The Court explained that an appeal, alone, "does not annul or abrogate the judgment of the lower court[,]" and that an "*affirmance* of the judgment of the circuit court by the Court of Appeals 'is a mere renewal or continuance of the old judgment'" which causes the "rights of the parties [to] revert to the entry of the judgment in the circuit." *Id.* at 590 (emphasis added).

In *Ball v. McDowell*, 288 S.W.3d 833, 835 (Tenn. 2009), also cited by Mr. Melton, the Supreme Court considered whether a proposed judgment which was entered without defense counsel's signature, or a later-filed judgment which included defense counsel's signature, operated as the final judgment from which the period for filing a motion to alter or amend commenced. The Court explained that "[t]o determine which of the judgments entered in this case constitutes the final judgment, we must focus on whether the second

judgment affected any of the parties' substantive rights and obligations settled by the first judgment." *Id.* Because it found that "[t]he second judgment was identical in substance to the first judgment, with only the signature of Defendant's counsel added[,]" the Court determined that the first judgment constituted the final judgment that triggered the thirty-day period for filing a motion to alter or amend. *Id.*

In the instant case, Ms. Porter was ultimately awarded identical $100,000 judgment amounts under both the August 21, 1990 Order of Judgment and the March 7, 2002 Agreed Order. However, this coincidence does not render the Agreed Order a "mere renewal or continuance" of the Order of Judgment. *See Shepard*, 241 S.W.2d at 590. When this Court "reversed" "[t]he [August 21, 1990] judgment of the trial court[,]" the Order of Judgment's damage award was no longer subject to execution. Thus, to collect her $100,000, Ms. Porter must enforce the March 7, 2002 Agreed Order. Accordingly, neither August 21, 1990 nor February 21, 1992 can serve as the date from which the judgment to be collected was entered. In sum, we conclude that March 7, 2002 serves as the operative date from which Ms. Porter had ten years to seek a judgment extension. Because her Motion to Renew was timely filed on March 7, 2012, we affirm the trial court's Order Granting Motion to Renew Judgment.

## IV.   CONCLUSION

For the aforementioned reasons, we affirm the decision of the circuit court. Costs of this appeal are taxed to Appellant, Larry Melton, and his surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.